**Raad QASGUARGIS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 96–3505.**

United States Court of Appeals, Sixth Circuit.

June 17, 1996.*

---

* This order was originally issued as an "unpublished order" filed on June 17, 1996. On July 16, 1996, the court designated the order as one recommended for full-text publication.

Charles S. Owen, Gatto, Bennett & Owen, Southfield, MI, for Petitioner.

Edmund A. Sargus, Jr., U.S. Atty., Office of the U.S. Attorney, Cincinnati, OH, Richard M. Evans, David M. McConnell, M. Jocelyn Wright, U.S. Dept. of Justice, Immigration Litigation, Civil Division, Washington, DC, for, Respondent.

Before: KEITH, CONTIE, and NELSON, Circuit Judges.

## ORDER

The petitioner seeks review of a decision of the Board of Immigration Appeals which concludes he is deportable and dismisses his appeal from the decision of the immigration judge. Now before the court is the petition-er's motion for a discretionary stay of his deportation and the Immigration and Naturalization Service's cross motion to dismiss this appeal.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act, P.L. 104–132, was signed into law. Section 440(a) amends 8 U.S.C. § 1105a(a)(10) to provide in part:

> Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D) . . . shall not be subject to review by any court.

The petitioner was found deportable pursuant to §§ 241(a)(2)(B)(i) and (a)(2)(C), 8 U.S.C. §§ 1251(a)(2)(B)(i) and 1251(a)(2)(C), based upon a controlled substances offense and a firearms offense. Deportability was affirmed by the Board of Immigration Appeals, which rejected the petitioner's sole argument. On May 2, 1996, the instant petition for review was filed.

No specific effective date was provided for § 440(a), and it accordingly took effect upon the date of enactment. Therefore, at the time that this petition for review was filed, the petitioner had no statutory right of review. The Immigration and Naturalization Service moves to dismiss this appeal on that basis. The petitioner argues dismissal would be an unlawful, retroactive application of the amendment because prior thereto, the statute permitted an appeal of a final order of deportation such as the instant one.

The application of § 1105a(a)(10), as amended, to this petition for review is not improper. First of all, this petition for review was not pending at the time the amendment was enacted. The first attempt at judicial review was made after the statute had taken effect. See Landgraf v. USI Film Prods., 511 U.S. 244, ——, 114 S.Ct. 1483, 1501, 128 L.Ed.2d 229 (1994)("We have regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed.") Secondly, this court similarly has held that the application of new immigration law to prior

criminal conduct is not a retroactive application. *Hamama v. I.N.S.*, 78 F.3d 233, 235 (6th Cir.1996); *Campos v. I.N.S.*, 16 F.3d 118, 122 (6th Cir.1994)(statutory bar did not present a true question of retroactivity because a statute is not made retroactive merely because it draws upon antecedent facts for its operation). We therefore conclude that this appeal is barred by 8 U.S.C. § 1105a(a)(10), as amended by § 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996.

Therefore, it is **ORDERED** that the motion to dismiss is granted. The motion for a discretionary stay is denied as moot.