101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Santiago SOLORIO-ALMANZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70529.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 14, 1996.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals, No. Aun-pzu-kwg.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DISMISSED.
 
 
 4
 Before: FERNANDEZ and HAWKINS, Circuit Judges and SCHWARZER,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Petitioner Santiago Solorio-Almanza, a native and citizen of Mexico, petitions for review of a final order of deportation by the Board of Immigration Appeals ("BIA") finding him deportable as charged under section 241(a)(2)(C) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1251(a)(2)(C), and denying his request to continue the deportation proceedings. Petitioner sought a continuance so that he might have his conviction expunged pursuant to California Penal Code § 1203.4. Finding that § 440(a) of the recently enacted "Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)" eliminates judicial review of the final deportation order in this case, we dismiss the petition for lack of jurisdiction.
 
 
 7
 Solorio-Almanza entered the United States in May 1980 and adjusted his status to that of a lawful permanent resident in May 1989. In August 1990, Solorio-Almanza was convicted of violating a California firearms statute. On the basis of this conviction, the INS issued an Order to Show Cause that charged Solorio-Almanza with deportability under section 241(a)(2)(C) of the Act, for having been convicted of a firearms violation at any time after his entry into the United States. 8 U.S.C. § 1251(a)(2)(C).
 
 
 8
 After a continuance, Solorio-Almanza, on August 13, 1992, at a hearing before an immigration judge ("IJ"), requested that his deportation hearing be deferred to allow him the opportunity to seek expungement of his conviction. The IJ denied the request to defer deportation proceedings and ordered Solorio-Almanza deported to Mexico. Solorio-Almanza appealed to the BIA, which dismissed the appeal on the ground that the IJ was under no obligation to continue the proceedings to allow Solorio-Almanza to expunge his conviction. Solorio-Almanza timely petitioned this court for review.
 
 I. Jurisdiction
 
 9
 We raise sua sponte the question of our jurisdiction to hear this appeal. See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1052 (9th Cir.1992). Prior to enactment of the AEDPA, we had jurisdiction to review final orders of deportation under § 106 of the Act, 8 U.S.C. § 1105a(a). Section 440(a) of the AEDPA amended § 106 by revoking judicial jurisdiction to review final orders of deportation against aliens convicted of certain, enumerated, criminal offenses, including, inter alia, firearms offenses "covered in section 1251(a)(2) ... (C) ... of [the Act]." 8 U.S.C. § 1105a(a)(10).
 
 
 10
 Solorio-Almanza was convicted of unlawfully discharging a firearm in a grossly negligent manner. Although he filed his petition with this court in December 1995, several months before enactment of the AEDPA, we have previously upheld retroactive application of § 1105a as amended by the AEDPA. Duldulao v. INS, 90 F.3d 396, 399 (9th Cir.1996); accord Mendez-Rosas v. INS, 87 F.3d 672, 676 (5th Cir.1996); Qasguargis v. INS, 91 F.3d 788, 789 (6th Cir.1996); Hincapie-Nieto v. INS, 92 F.3d 27, 29-30 (2d Cir.1996); Salazar-Haro v. INS, 95 F.3d 309, 311 (3rd Cir.1996). Accordingly, we are without jurisdiction to entertain Solorio-Almanza's petition for review.
 
 II. The merits of petitioner's appeal
 
 11
 Were we to reach the merits of petitioner's claim, we would nonetheless dismiss the petition. Petitioner alleges that he should have been granted a continuance to pursue expungement of his conviction, because an expunged firearms conviction cannot provide the basis for a finding of deportability. Without expressing any opinion as to the merits of petitioner's belief concerning an expunged conviction, we recognize that "[t]he decision to grant or deny a continuance is in the sound discretion of the [IJ] and will not be overturned except on a showing of clear abuse." De la Cruz v. INS, 951 F.2d 226, 229 (9th Cir.1991). An IJ may grant a continuance to an alien in a deportation proceeding "for good cause shown." 8 C.F.R. § 242.13. Solorio-Almanza had requested and received one continuance, and although he requested the second continuance to seek to expunge his conviction, he made no indication that he had taken any steps toward expungement. Solorio-Almanza's better approach, as the IJ acknowledged, would be to move, after expunging the conviction, to reopen the proceeding on the basis of the expungement. See 8 C.F.R. § 3.2. The IJ was well within her discretion to deny the continuance.
 
 
 12
 The petition is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3