**Paul Gordon Diason BOSTON-BOLLERS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 96–2506.

United States Court of Appeals, Eleventh Circuit.

Feb. 5, 1997.

David F. Vedder, Daytona Beach, FL, for petitioner.

Laura A. Smith, U.S. Dept. of Justice, Civil Division, Richard M. Evans, Washington, DC, for respondent.

Before EDMONDSON, COX and BARKETT, Circuit Judges.

PER CURIAM:

Paul Boston–Bollers is a native and citizen of Guyana, South America, who entered the United States as a lawful permanent resident around January 1987. On June 29, 1992, Boston–Bollers pled guilty before a Florida court to the felony of second degree murder. He was sentenced to 12 years incarceration followed by 8 years probation.

On March 25, 1993, the Immigration and Naturalization Service ("INS") issued an order to show cause charging that Boston–Bollers was subject to deportation on account of his second degree murder conviction under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2)(A)(iii). Boston–Bollers conceded his deportability based on his second degree murder conviction and requested relief from deportation under section 212(c) of the INA, 8 U.S.C. § 1182(c). The immigration judge denied discretionary relief under section 212(c) and ordered Boston–Bollers deported to Guyana. The Board of Immigration and Appeals ("BIA") affirmed the immi-

gration judge's decision and issued a final order dismissing Boston–Bollers' appeal.

On April 17, 1996, Boston–Bollers filed a timely petition for review with this court. On August 13, 1996, the INS filed a motion to dismiss this petition for lack of jurisdiction. We ordered simultaneous briefing of the jurisdictional issues presented.

## JURISDICTIONAL ISSUES

At the time Boston–Bollers filed his petition for review, section 106(a) of the INA conferred jurisdiction upon this court to review final orders of deportation. 8 U.S.C. § 1105a(a). On April 24, 1996, while Boston–Bollers' petition was pending before this court, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214 (1996). Section 440(a)(10) of the AEDPA amends 8 U.S.C. § 1105a(a)(10) to read [1]:

> Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 1251(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1251(a)(2)(A)(ii) of this title for which both predicate offenses are covered by section 1251(a)(2)(A)(i) of this title, shall not be subject to review by any court.

We must decide whether section 440(a)(10) of the AEDPA deprives this court of jurisdiction over Boston–Bollers' pending petition for review. In addition, we must decide whether section 440(a)(10) is a constitutional exercise of Congress' power to restrict the jurisdiction of the federal courts.

## CONTENTIONS OF THE PARTIES

The government contends that section 440(a)(10) of the AEDPA deprives this court of jurisdiction over Boston–Bollers' petition even though Boston–Bollers' petition was filed before the passage of the AEDPA. Application of the AEDPA to Boston–Bollers' pending petition is not retroactive, the government maintains, but is a permissible pro-

spective application of a jurisdictional statute.

Boston–Bollers contends that this court has jurisdiction over his petition despite the intervening passage of the AEDPA. Boston–Bollers urges us to adopt the Seventh Circuit's approach in *Reyes–Hernandez v. INS,* 89 F.3d 490 (7th Cir.1996). Boston–Bollers contends that application of section 440(a)(10) to his pending petition will deprive him of his expectation of judicial review of the denial of his application for section 212(c) relief.

In addition, Boston–Bollers contends that section 440(a)(10) violates the Due Process Clause and Article III if it precludes judicial review of his final order of deportation. The government contends that this restriction of federal court jurisdiction by Congress is proper and not violative of the Constitution.

## DISCUSSION

■ Because section 440 does not contain an effective date provision applicable to section 440(a), that section became effective on the date the President signed the AEDPA, April 24, 1996. Boston–Bollers contends that section 440(a)(10) does not apply to his petition that was pending on that date.

In *Landgraf v. USI Film Products,* the Supreme Court held that statutes impairing substantive rights would not be applied retroactively absent clear congressional intent. 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). In contrast to this presumption applicable to statutes impairing substantive rights, the Supreme Court stated that it has "regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed." *Id.* at ——, 114 S.Ct. at 1501.

■ Applying section 440(a)(10) to petitions for review of deportation orders pending on the date of the passage of the AEDPA is not retroactive application affecting substantive rights, but is a prospective application of a jurisdiction-eliminating statute.

---

**1.** Before passage of the AEDPA, 8 U.S.C. § 1105a(a)(10) provided that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus

proceedings." Both parties agree that the issue of whether section 440(a)(10) precludes judicial review of deportation orders via a writ of habeas corpus is not presented on this appeal.

Consequently, we hold that section 440(a)(10) deprives this court of jurisdiction over Boston–Bollers' pending petition. In so holding, we join the majority of other circuits that have addressed the issue. *See Kolster v. INS,* 101 F.3d 785 (1st Cir.1996); *Salazar–Haro v. INS,* 95 F.3d 309 (3d Cir.1996); *Hincapie–Nieto v. INS,* 92 F.3d 27 (2d Cir. 1996); *Qasguargis v. INS,* 91 F.3d 788 (6th Cir.1996); *Duldulao v. INS,* 90 F.3d 396 (9th Cir.1996); *Mendez–Rosas v. INS,* 87 F.3d 672 (5th Cir.1996). *But see Reyes–Hernandez,* 89 F.3d at 493 (holding "that sections 440(a) and (d) do not apply to cases in which deportability was conceded before the [AEDPA] became law, provided that the applicant for discretionary relief would have had at least a colorable defense to deportability").

■ This restriction of federal court jurisdiction does not violate the Due Process Clause. As the Supreme Court stated in *Carlson v. Landon,* "[t]he power to expel aliens, being essentially a power of the political branches of government, the legislative and executive, may be exercised entirely through executive officers, with such opportunity for judicial review of their action as congress may see fit to authorize or permit." 342 U.S. 524, 537, 72 S.Ct. 525, 532–33, 96 L.Ed. 547 (1952) (internal quotation omitted). And since "[d]eportation is not a criminal proceeding and has never been held to be punishment ... [n]o judicial review is guaranteed by the Constitution." *Id.* at 537, 72 S.Ct. at 533 (footnote omitted). Because the Constitution does not give aliens the right to judicial review of deportation orders, section 440(a)(10) does not violate the Due Process Clause.

■ Moreover, section 440(a)(10) does not violate Article III. " 'For reasons long recognized as valid, the responsibility for regulating the relationship between the United States and our alien visitors has been committed to the political branches of the Federal Government.' " *Reno v. Flores,* 507 U.S. 292, 305, 113 S.Ct. 1439, 1449, 123 L.Ed.2d 1 (1993) (quoting *Mathews v. Diaz,* 426 U.S. 67, 81, 96 S.Ct. 1883, 1892, 48 L.Ed.2d 478 (1976)). "[O]ver no conceivable subject is the legislative power of Congress more complete." *Id.* at 305, 113 S.Ct. at 1449 (quota-

tions omitted). As the Ninth Circuit explained, the federal appellate courts have "jurisdiction to review certain final orders of deportation and exclusion against aliens only because Congress has conferred it." *Duldulao,* 90 F.3d at 399–400. Thus, section 440(a)(10) not only does not violate Article III, it is illustrative of the concept of separation of powers envisioned by the Constitution.

Boston–Bollers' petition is DISMISSED for lack of jurisdiction.