**Billy Santos FIGUEROA–RUBIO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 96–3415.**

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 8, 1997.

Decided March 5, 1997.

David H. Paruch (briefed), Birmingham, MI, for Petitioner.

Dale Ann Goldberg, U.S. Attorney, Office of the U.S. Atty., Cincinnati, OH, David V. Bernal, David M. McConnell, M. Jocelyn Wright, U.S. Department of Justice Immigration Litigation, Civil Division, Washington, DC, Laura M. Friedman, Immigration and Naturalization Service, Office of Immigration Litigation, Washington, DC, Ernesto H. Molina (briefed), Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BROWN, BATCHELDER, and COLE, Circuit Judges.

BATCHELDER, Circuit Judge.

The Respondent has filed a motion to dismiss this appeal for lack of subject matter jurisdiction. The motion requires us to determine whether § 440(a) of the Antiterrorism and Effective Death Penalty Act applies to petitions filed before its enactment. For the following reasons, we conclude that it does.

## I. BACKGROUND

On November 17, 1994, an immigration judge found Figueroa–Rubio deportable pursuant to § 241(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA") as an individual convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.[1] 8 U.S.C. § 1251(a)(2)(A)(ii). Figueroa–Rubio subsequently filed, and the immigration judge granted, an application for relief under § 212(c) of the INA. 8 U.S.C. § 1182(c). The Immigration and Naturalization Service ("INS") appealed this decision to the Board of Immigration Appeals. The Board overruled the immigration judge's decision and ordered that Figueroa–Rubio be deported. Figueroa–Rubio filed a petition seeking review of the Board's decision to this court on April 15, 1996. The INS filed a motion to dismiss Figueroa–Rubio's petition for lack of subject matter jurisdiction on February 4, 1997.

## II. ANALYSIS

At the time Figueroa–Rubio filed his petition for review in this court, section 106(a) of the INA granted the Federal Courts of Appeal jurisdiction to review final orders of deportation. 8 U.S.C. § 1105a(a). However, on April 24, 1996, while Figueroa–Rubio's petition was pending before this court, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). Section 440(a) of the AEDPA amends 8 U.S.C. § 1105a(a)(10) to provide in relevant part:

> Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section ... 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, covered by section 241(a)(2)(A)(i), shall not be subject to review by any court.

AEDPA, Pub.L. No. 104–132, § 440(a), 110 Stat. 1214 (1996), *amended by* the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, § 306(d), 110 Stat. 3009 (1996).[2] It is undisputed that Figueroa–Rubio's petition falls within the terms of this section.

Congress did not provide a specific date upon which § 440(a) was to become effective. In *Qasguargis v. INS,* 91 F.3d 788, 789 (6th Cir.1996), *cert. denied,* —— U.S. ——, 117

---

1. Figueroa–Rubio was convicted in Michigan state court of two counts of criminal sexual conduct in the second degree involving a person under thirteen years of age, MICH.COMP.LAWS ANN. § 750.520c(1)(a), and one count of criminal sexual conduct in the second degree involving a person under sixteen years of age, MICH.COMP. LAWS ANN. § 750.520c(1)(b)(ii).

2. President Clinton signed the IIRIRA of 1996 into law on September 30, 1996. Section 306(d) of the IIRIRA contains a clause stating that the amendment to § 440(a) is effective as if included in the enactment of the AEDPA. IIRIRA, Pub.L. No. 104–208, § 306(d), 110 Stat. 3009 (1996).

S.Ct. 1080, 137 L.Ed.2d 215 (1997), we addressed this omission and held that the section took effect on the date of its enactment.[3] We therefore concluded that we lack subject matter jurisdiction to review petitions filed after April 24, 1996, the date the AEDPA was signed into law.

In this case, we address the narrow question of whether § 440(a) likewise eliminates our jurisdiction to review petitions that were pending at the time the AEDPA was enacted. We join the majority of the circuits that have addressed this precise issue and hold that it does.[4]

The Supreme Court has provided us with considerable guidance on the issue of whether newly enacted statutes may be applied to pending cases. In *Landgraf v. USI Film Products,* 511 U.S. 244, 280, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994), the Court stated that statutes impairing substantive rights will normally not be applied retroactively absent clear congressional intent. However, the Court also explained that it had "regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed," *id.* at 274, 114 S.Ct. at 1501, because "[a]pplication of a new jurisdictional rule usually 'takes away no substantive right but simply changes the tribunal that is to hear the case.' " *Id.* at 274, 114 S.Ct. at 1502 (quoting *Hallowell v. Commons,* 239 U.S. 506, 508, 36 S.Ct. 202, 203, 60 L.Ed. 409 (1916)). Quite simply, "jurisdictional statutes 'speak to the power of the court rather than the rights or obligations of the parties.' " *Id.* (quoting *Republic Nat. Bank of Miami v. United States,* 506 U.S. 80, 100, 113 S.Ct. 554, 565, 121 L.Ed.2d 474 (1992) (Thomas, J., concurring)).

Applying § 440(a) to petitions for review of deportation orders pending on the date of the AEDPA's passage "is not retroactive application affecting substantive rights, but is a prospective application of a jurisdiction-eliminating statute." *Boston–Bollers v. INS,* 106 F.3d 352, 354 (11th Cir.1997). We therefore hold that § 440(a) deprives this court of jurisdiction over Figueroa–Rubio's pending petition.

Figueroa–Rubio says, without argument, explanation or citation to authority, that to hold thus would violate due process. However, not only has Figueroa–Rubio failed to explain how the application of § 440(a) to his petition allegedly infringes upon his constitutional rights, and failed to cite to any authority to support his view, he has mentioned it only in passing. No due process argument having been properly raised by Figueroa–Rubio, we decline to address this issue.

### III. CONCLUSION

We therefore **GRANT** the INS's motion to dismiss Figueroa–Rubio's petition for lack of subject matter jurisdiction.

---

**3.** Therefore, the IIRIRA's amendment to § 440(a) took effect on April 24, 1996.

**4.** *See Boston–Bollers v. INS,* 106 F.3d 352, 354–55 (11th Cir.1997); *Arevalo–Lopez v. INS,* 104 F.3d 100, 101 (7th Cir.1997); *Kolster v. INS,* 101 F.3d 785, 789–90 (1st Cir.1996); *Hincapie–Nieto v. INS,* 92 F.3d 27, 29–30 (2d Cir.1996); *Salazar–Haro v. INS,* 95 F.3d 309, 311 (3rd Cir.1996); *Mendez–Rosas v. INS,* 87 F.3d 672, 676 (5th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 694, 136 L.Ed.2d 617 (1997); *Duldulao v. INS,* 90 F.3d 396, 399 (9th Cir.1996).