United States Court of Appeals,

Fifth Circuit.

No. 96-60345.

Joan Marie WILLIAMS, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

June 6, 1997.

Petition for Review of an Order of the Immigration & Naturalization Service.

Before DAVIS and DENNIS, Circuit Judges, and FALLON,[*] District Judge.

FALLON, District Judge:

Petitioner Joan Marie Williams is a native and citizen of Jamaica, who became a lawful permanent resident of the United States in 1985. In 1993, petitioner was convicted of conspiracy to launder money instruments and to structure financial instruments in connection with an extensive drug trafficking and money laundering operation. On May 18, 1994, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause charging petitioner with being deportable pursuant to section 241(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") by reason of having committed an aggravated felony. On April 11, 1995, the Immigration Judge found petitioner to be deportable as charged and denied her application for relief under section 212(c) of the INA. Petitioner appealed the denial of 212(c) relief to the Board of Immigration

---

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

Appeals ("BIA").  The BIA affirmed on April 18, 1996.

On May 16, 1996, petitioner filed the instant petition seeking review of the BIA's decision pursuant to section 106 of the INA. The INS has moved to dismiss the petition on grounds that section 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214, withdrew our jurisdiction to review the BIA's decision in this case.

Section 440(a) amends section 106 and precludes judicial review of "[a]ny final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2)(A)(iii)."[1]

Despite petitioner's protestations against retroactive application, section 440(a) does apply to her petition, which was filed several days after the effective date of April 24, 1997, and would apply even if her petition had been pending on that date. *See Mendez-Rosas v. INS,* 87 F.3d 672, 675-76 (5th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 694, 136 L.Ed.2d 617 (1997).

Williams' only remaining argument against the operation of section 440(a) is that the provision is violative of the Due Process Clause and the separation of powers principles encompassed in Article III.  Having carefully weighed these challenges, we join the First, Second, Third, Seventh, Ninth, and Eleventh Circuits in

---

[1]AEDPA § 440(a), Pub.L. No. 104-132, 110 Stat. 1214 (April 24, 1996), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 306(d), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996).

rejecting them.[2]  The Seventh Circuit, in *Yang v. INS,*[3] has taken particular pains to explain the inadequacies in petitioner's arguments, and we could add little to its thorough analysis.  We likewise agree with the courts noted above that "limited opportunity to apply for a writ of habeas corpus may remain"[4]—at a minimum "the writ that Art. I § 9 cl. 2 preserves against suspension."[5]  However, this case does not require us to explore the perimeters of judicial review remaining available to criminal aliens such as Williams.

Section 440(a) applies to foreclose judicial review in this case.[6]  Therefore, Williams' petition is DISMISSED for lack of

---

[2]*See Yang v. INS,* 109 F.3d 1185, 1194-97 (7th Cir.1997); *Boston-Bollers v. INS,* 106 F.3d 352, 355 (11th Cir.1997);  *Kolster v. INS,* 101 F.3d 785, 790-91 (1st Cir.1996);  *Salazar-Haro v. INS,* 95 F.3d 309, 311 (3d Cir.1996);  *Hincapie-Nieto v. INS,* 92 F.3d 27, 30-31 (2d Cir.1996);  *Duldulao v. INS,* 90 F.3d 396, 399-400 (9th Cir.1996).  In addition, the Sixth Circuit has twice dismissed petitions under section 440(a) without addressing the constitutional issues.  *See Figueroa-Rubio v. INS,* 108 F.3d 110 (6th Cir.1997);  *Qasguargis v. INS,* 91 F.3d 788 (6th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1080, 137 L.Ed.2d 215 (1997).

[3]*Yang,* 109 F.3d at 1194-97.

[4]*Id.* (noting that the First, Second, Third, and Ninth Circuits have made this observation).

[5]*Id.*

[6]We note that "the IIRIRA repeals [section 106 of the INA] and replaces it with other judicial review provisions, one of which precludes review of decisions regarding the granting of relief under ... section 212(c)." *Pichardo v. INS,* 104 F.3d 756, 760 n. 7 (5th Cir.1997) (Parker, J.) (citing IIRIRA § 306(a)(2)). However, because we have determined that the AEDPA had divested us of jurisdiction to hear Williams' claims even before she filed her petition, we need not explore whether the IIRIRA might apply to furnish an additional basis for dismissing the petition.  *See* IIRIRA §§ 306(c)(1)-(2), 309(a), 309(c)(1), 309(c)(4), as amended

3

jurisdiction.

by Pub.L. No. 104-302, 110 Stat. 3656 (October 11, 1996).