**Jose MENDEZ–MORALES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 96–2269.

United States Court of Appeals, Eighth Circuit.

Submitted March 19, 1997.

Decided July 17, 1997.

Rehearing Denied Oct. 1, 1997.

Cir.1996) (oral statements which conflict with court's formal findings and conclusions should

Clayton H. Brant, Lincoln, NE, for petitioner.

Karen Ann Hunold, Washington, DC, (Frank W. Hunger and Linda S. Wendtland, Washington, DC, on the brief) for respondent.

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

PER CURIAM.

Jose Mendez–Morales seeks review of a Board of Immigration Appeals order denying adjustment of status and waiver of inadmissibility, relief that would spare Mendez–Morales from deportation because of his 1992 conviction for first degree sexual assault of a 13 year-old victim. We dismiss for lack of jurisdiction.

In response to an Immigration and Naturalization Service order to show cause why he should not be deported, Mendez–Morales conceded that he is deportable and an excludable alien because he has been convicted of a crime involving moral turpitude. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i), 1251(a)(2)(A)(i). Mendez–Morales then sought to avoid deportation through an adjustment of status. *See* 8 U.S.C. § 1255(a). That requires a waiver of inadmissibility, which is an exercise of the Attorney General's discretion under 8 U.S.C. § 1182(h). When the Board denied that relief on April 12, 1996, we had jurisdiction to review its decision under 8 U.S.C. § 1105a. The jurisdictional issue we now consider arises from two subsequent congressional actions.

First, on April 14, 1996, Congress amended 8 U.S.C. § 1105a to add subsection (a)(10), which provides: "Any final order of deporta-

be disregarded).

tion against an alien who is deportable by reason of having committed a criminal offense covered in [8 U.S.C. 1251(a)(2)(A)(iii) ] shall not be subject to review by any court." Pub.L. No. 104–132, § 440(a), 110 Stat. 1214, 1276–77 (1996). We agree with the Fifth Circuit that this amendment is jurisdictional in nature and therefore must be applied retroactively, in other words, to cases such as this that were pending on its date of enactment. *See Mendez–Rosas v. INS*, 87 F.3d 672 (5th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 694, 136 L.Ed.2d 617 (1997).[1] Therefore, if Mendez–Morales is deportable "by reason of" a criminal conviction for an "aggravated felony" as that term is used in § 1251(a)(2)(A)(iii), we have no jurisdiction. "Aggravated felony" is defined in 8 U.S.C. § 1101(a)(43).

The second relevant enactment occurred on September 30, 1996. In § 321(a)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Congress altered the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43) to include sexual abuse of a minor. Pub.L. No. 104–208, Div. C, 110 Stat. 3009–546, 627 (1996). Addressing the question of retroactivity specifically, Congress provided that this definitional amendment applies to convictions entered before enactment and "to actions taken on or after the date of the enactment." IIRIRA §§ 321(b), (c), 110 Stat. at 3009–628. Mendez–Morales was convicted of committing an aggravated felony as defined in the IIRIRA amendment to § 1101(a)(43). He is deportable "by reason of" that conviction under 8 U.S.C. §§ 1105a(a)(10)[2] and 1251(a)(2)(A)(iii). Because judicial review by this court would be an "action taken" for purposes of IIRIRA

§ 321(c), we have no jurisdiction to hear his appeal. We reject Mendez–Morales's contention that this lack of judicial review deprives him of due process. *See Yang,* 109 F.3d at 1194–97.

Accordingly, the appeal is dismissed for lack of jurisdiction.

---

**1.** The amendment in question is found in Title IV of the Antiterrorism and Effective Death Penalty Act. In holding § 440(a) of that Act retroactive, *Mendez–Rosas* applied the presumption of jurisdictional retroactivity articulated in *Landgraf v. USI Film Products*, 511 U.S. 244, 274, 114 S.Ct. 1483, 1501–02, 128 L.Ed.2d 229 (1994). Although the Supreme Court recently held a portion of Title I of the Act non-retroactive, declining to apply *Landgraf's* "default rule," the Court noted that Title I "stands more or less independent of the Act's other titles." *Lindh v. Murphy,* —— U.S. ——, ——, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). Because *Lindh* turned upon the drafting peculiarities of Title I, we apply the

*Landgraf* rule to § 440(a). In addition, because this case involves "the applicability of the new provisions to criminal convictions or criminal acts that occurred before the Act was passed," *Reyes–Hernandez v. INS,* 89 F.3d 490, 493 (7th Cir.1996), is distinguishable. *See Yang v. INS,* 109 F.3d 1185, 1191 (7th Cir.1997).

**2.** IIRIRA also repealed 8 U.S.C. 1105a in its entirety. However, this repealer is not relevant here because it applies only to "final orders of deportation ... filed on or after the date of the enactment." Pub.L. No. 104–208, Div. C, § 306(c), 110 Stat. 3009–546, 612 (1996).