**Durvan BARRETT, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 1:96–CV–2436.**

United States District Court,
N.D. Ohio,
Eastern Division.

March 10, 1998.

---

Robert S. Turoff, Turoff & Turoff, Cleveland, OH, for Petitioner.

Keisha Dawn Bell, Department Of Justice, Civil Division, Washington, DC, for Respondent.

1. The record fails to disclose any details of those convictions, but the parties do not dispute these factual predicates of the deportation order. The Board of Immigration Appeals sought petitioner's deportation under § 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11)(conviction of controlled substance violation). The Sixth Circuit identified the deportation order as based on § 241(a)(2)(B)(a controlled substance violation). *Barrett v. INS*, No. 96–3515 (6th Cir. August 6, 1996)(order).

2. Section 241(a)(2)(B), codified at 8 U.S.C. § 1251(a)(2)(B), reads in part:
"Any alien who at any time after entry has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ..., other than a single offense involving possession for one's own use of thirty grams or less of marijuana, is deportable...."
The former Section 241(a)(11), then codified at 8 U.S.C. § 1251(a)(11), read in part:

## DECISION AND ORDER

GWIN, District Judge.

On November 22, 1996, Respondent Immigration and Naturalization Service filed a motion to dismiss [Doc. 6]. In it, the respondent says this Court lacks jurisdiction to entertain a permanent resident alien's habeas corpus action challenging a denial of a § 212(c) deportation waiver.

The petitioner seeks a writ of habeas corpus pursuant to § 2241 since the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted after they denied his relief from deportation but before he could obtain judicial review.

In this case of first impression, the Court finds jurisdiction but declines for prudential reasons to exercise habeas jurisdiction here.

### I

Near January 31, 1975, Petitioner Durvan Barrett, a Jamaican national, entered the United States. Barrett eventually became a lawful permanent resident. While in the United States, he suffered three convictions involving drug trafficking.[1] Based on this criminal drug activity, the Immigration and Naturalization Service (INS) began deportation proceedings against the petitioner under either § 241(a)(11) or § 241(a)(2)(B) of the Immigration and Nationality Act (INA).[2]

(a) Any alien in the United States ... shall, upon the order of the Attorney General, be deported who —

...

(11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, or who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate;

In April 1992, an immigration judge found Barrett deportable and denied Barrett's application for a waiver from deportation pursuant to former § 212(c) of the INA, 8 U.S.C. § 1182(c). On April 8, 1996,[3] a panel of the Board of Immigration Appeals (Board or BIA) dismissed his appeal on a 2–1 vote.

On May 6, 1996,[4] Petitioner Barrett filed for review by the Sixth Circuit Court of Appeals and requested a stay of deportation pending review of the Board's final order. The INS opposed petitioner's request for a stay and filed a cross-motion to dismiss for lack of jurisdiction.

The Sixth Circuit dismissed the appeal on jurisdictional grounds and denied Barrett's motion for a stay of deportation as moot. *Barrett v. INS,* No. 96–3515 (6th Cir. August 6, 1996) (order). The Sixth Circuit denied Petitioner Barrett's request for stay based upon Section 440(a) of the Antiterrorism and Effective Death Penalty Act (AEDPA). The Sixth Circuit found it did not have jurisdiction to review the government's order to deport the petitioner. Barrett unsuccessfully petitioned for an appellate rehearing *en banc.* Barrett did not seek a writ of certiorari from the Supreme Court of the United States.

Instead, in November 1996[5] petitioner filed with this court a "Complaint For Declaratory And Injunctive Relief And Petition For Writ Of Habeas Corpus With Stay Of Deportation" [Doc. 1]. In it, petitioner seeks review of the Board order denying him dis-

cretionary relief from deportation. He also seeks review of the "constitutional nature" of the AEDPA. At this Court's request, the parties submitted supplemental briefs on the jurisdictional issue considering the Sixth Circuit's recent decision in *Mansour v. INS,* 123 F.3d 423 (6th Cir.1997).

## II

This litigation presents a case of first impression for this Court. In *Mansour,* 123 F.3d at 426, the Sixth Circuit left unresolved whether Congress can deprive federal courts of all jurisdiction over final deportation orders.[6]

The Sixth Circuit said the fundamental issue in *Mansour* was

> whether the Constitution requires independent judicial review of a deportation order where a question of law is raised, or whether Congress can limit review to the Board of Immigration Appeals. If § 440(a) precluded all judicial review, 'we would be required to resolve that thorny question here.' We need not decide the question here, however, because judicial involvement *in the form of habeas review remains available. Id.* (citation omitted) (emphasis added).

Petitioner Barrett here invokes habeas jurisdiction under either 28 U.S.C. § 2241 "or directly under the Constitution itself." Other federal circuits besides the Sixth Circuit suggest that habeas review may be prop-

---

**3.** The Board of Immigration Appeals dismissed petitioner's appeal 16 days before the Antiterrorism and Effective Death Penalty Act became effective. Section 440(a) of that Act bars judicial review of deportation orders based on the alien's conviction for certain criminal offenses.

**4.** Petitioner Barrett sought judicial review of the agency action 12 days after the AEDPA went into effect stripping federal circuit courts of such jurisdiction. *See infra* note 6.

**5.** This was nearly seven months after the effective date of the AEDPA.

**6.** Prior to *Mansour* a Sixth Circuit panel decided *Figueroa–Rubio v. INS,* 108 F.3d 110 (6th Cir. 1997) (§ 440(a) applies to petitions pending on April 24, 1996) (concluding that § 440(a) was a jurisdictional statute that did not affect substan-

tive rights and therefore was not subject to the presumption against retroactive application stated in *Landgraf v. USI Film Prods.,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)).

A majority of the federal circuit courts of appeal also have applied § 440(a) to pending cases. *See Kolster v. INS,* 101 F.3d 785, 787–90 (1st Cir.1996); *Hincapie–Nieto v. INS,* 92 F.3d 27, 29–30 (2d Cir.1996); *Salazar–Haro v. INS,* 95 F.3d 309, 310–11 (3d Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 1842, 137 L.Ed.2d 1046 (1997); *Mendez–Rosas v. INS,* 87 F.3d 672, 674–76 (5th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 694, 136 L.Ed.2d 617 (1997); *Mendez–Morales v. INS,* 119 F.3d 738, 739 (8th Cir.1997); *Duldulao v. INS,* 90 F.3d 396, 398–99 (9th Cir. 1996); *Fernandez v. INS,* 113 F.3d 1151, 1154 (10th Cir.1997); *Boston–Bollers v. INS,* 106 F.3d 352, 354–55 (11th Cir.1997); *LaFontant v. INS,* 135 F.3d 158, 164 (D.C.Cir.1998).

er in spite of the bar to judicial review of deportation raised in § 440(a).[7]

■ This Court must first determine whether it has jurisdiction to consider this habeas corpus petition. If this Court finds that it enjoys jurisdiction, it must then determine if its exercise is here appropriate.

Before the enactment of the AEDPA, § 106(a)(10) of the INA (formerly codified at 8 U.S.C. § 1105a(a)(10)), provided that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." However, § 401(e) and (f) of the AEDPA struck this language. Section 440(a) of AEDPA replaced it with the following:

> Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(i), shall not be subject to review by any court.

8 U.S.C. § 1105a(a)(10) (as amended by § 440(a) of the AEDPA). In *Qasguargis v. INS*, 91 F.3d 788 (6th Cir.1996), *cert. denied*, — U.S. —, 117 S.Ct. 1080, 137 L.Ed.2d 215 (1997), the Sixth Circuit held that § 440(a) took effect on April 24, 1996, at the time the president signed the legislation.

On September 30, 1996, President Clinton signed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), which further amended the INA. Section 306 of the IIRIRA restructured judicial review of deportation orders, which were renamed "orders of removal." While § 306(b) repealed former § 106 in its entirety, § 306(a) revised § 242 (codified at 8 U.S.C. § 1252) of the INA to provide as follows:

EXCLUSIVE JURISDICTION. Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (as amended by IIRIRA § 306(a)).

Section 306(a) also provides that judicial review of orders of removal can only be initiated in a court of appeals. 8 U.S.C. § 1252(b)(2). Further, § 306(a)(2) carried through the judicial review bar of § 440(a) of the AEDPA. 8 U.S.C. § 1252(a)(2). Finally, Section 306(c)(1) provides that the newly revised § 242 apply to all "claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under such Act." *See* 8 U.S.C. § 1252. In the Sixth Circuit § 306 became effective on April 24, 1996, actually five months before the President signed the bill. *Figueroa–Rubio v. INS*, 108 F.3d 110, 111 n. 2 (6th Cir.1997); *compare with Auguste v. Attorney General*, 118 F.3d 723, 725 (11th Cir.1997) (§ 306 considered effective on April 1, 1997).

Section 440(a) of the AEDPA and § 306(a)(2) of the IIRIRA clearly bar direct review "by any court" of a deportation order against an alien who has been found deportable of certain enumerated crimes. Despite this broad language, the question remains whether district courts retain habeas corpus jurisdiction under the general habeas corpus provision, 28 U.S.C. § 2241.

Section 2241 provides that any person detained unlawfully may seek a writ of habeas corpus in the federal district courts if: (1) he is in custody under or by color of the authori-

---

**7.** *See Salazar–Haro*, 95 F.3d at 311 ("To the extent, therefore, that constitutional rights applicable to aliens may be at stake, judicial review may not be withdrawn by statute.") (citation omitted); *Hincapie–Nieto*, 92 F.3d at 30 ("The absence of an opportunity for some aliens to file a petition for review in a court of appeals does not necessarily mean, however, that the federal courts are closed to all claims by such aliens arising in the course of deportation proceedings.") (citation omitted); *Williams v. INS*, 114

F.3d 82, 84 (5th Cir.1997) (stating that some opportunity to apply for habeas relief, at a minimum that opportunity protected by the Suspension Clause, remains). *See also Felker v.Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2338–39, 135 L.Ed.2d 827 (1996)(provision barring a writ of certiorari for review of certain habeas petitions did not unconstitutionally infringe on Supreme Court's constitutional authority because nothing in AEDPA impaired the Court's original jurisdiction to issue a writ of habeas corpus).

ty of the United States; or (2) he is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or (3) he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Before the passage of the AEDPA and the IIRIRA, courts recognized that "challenges to deportation proceedings are cognizable under 28 U.S.C. § 2241." *See Orozco v. U.S. INS*, 911 F.2d 539, 540 (11th Cir.1990); *Gutierrez–Martinez v. Reno*, 989 F.Supp. 1205, 1206 (N.D.Ga.1998); *Mojica v. Reno*, 970 F.Supp. 130, 158–63 (E.D.N.Y. 1997).

Perhaps a majority of district courts have concluded that neither the AEDPA nor the IIRIRA has repealed § 2241 as it applies to aliens held in custody pursuant to an order of deportation. *See, e.g., Gutierrez–Martinez*, 989 F.Supp. 1205 (N.D.Ga.1998); *Mojica v. Reno*, 970 F.Supp. 130 (E.D.N.Y.1997); *Jurado–Gutierrez v. Greene*, 977 F.Supp. 1089 (D.Colo.1997); *Vargas v. Reno*, 966 F.Supp. 1537, 1541–42 (S.D.Cal.1997); *Ozoanya v. Reno*, 968 F.Supp. 1, 5–7 (D.D.C.1997); *Powell v. Jennifer*, 937 F.Supp. 1245, 1252–53 (E.D.Mich.1996); *Mbiya v. INS*, 930 F.Supp. 609, 612 (N.D.Ga.1996); *but see Marriott v. Ingham*, 990 F.Supp. 209 (W.D.N.Y.1998) (under Second Circuit precedent, district courts would lack jurisdiction over alien's constitutional claim related to denial of § 212(c) relief even in absence of AEDPA and IIRIRA); *Mayers v. Reno*, 977 F.Supp. 1457 (S.D.Fla.1997) (court determined that § 306(a) and § 440(a) demonstrate congressional intent to repeal habeas corpus review). This Court agrees with the majority in concluding that § 2241 preserves the writ of habeas corpus for aliens subject to deportation.

Federal courts have retained the statutory authority to grant writs of habeas corpus since enactment of the Judiciary Act of 1789. In *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), the Supreme Court declined to find a repeal of § 2241 by implication as to its original habeas corpus jurisdiction. 116 S.Ct. at 2339.

Neither the AEDPA nor the IIRIRA clearly eliminated the district court's jurisdiction under § 2241 to consider habeas corpus petitions filed by a certain class of persons in custody. Accordingly, the uncertain language of these statutes does not eliminate by implication the recognized jurisdiction of the district courts under § 2241 to consider habeas corpus claims of any person in custody, including deportable aliens. *Gutierrez–Martinez*, 989 F.Supp. at 1207 (citations omitted). Moreover, to disallow habeas review of deportation orders conceivably could run afoul of the Suspension Clause of the Constitution.[8] Absent an affirmative and clear expression from Congress, this Court finds jurisdiction to consider petitioner's habeas petition.

### III

■ While the Court has jurisdiction to review the petitioner's habeas claims, this Court's scope of review is undoubtedly limited. The Sixth Circuit noted in *Mansour* that if habeas jurisdiction is proper in deportation cases then courts would have to consider the scope of judicial review.[9] For example, habeas review in these cases might be limited to constitutional issues, such as a lack of due

---

**8.** The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it.

U.S. Const. Art. I, § 9, ¶ 2.

**9.** Footnote 3 of the *Mansour* opinion reads:

FN3. Because the petitioner is before us seeking direct review of a final deportation order, we need not address the scope of review that is available on a petition for a writ of habeas corpus. The parties dispute whether a final deportation order could be reviewed for errors of law, or only for grave constitutional errors. We leave the resolution of that question for a case in

which it is squarely presented. *See Kolster*, 101 F.3d at 791 ("As the nature and scope of habeas review available to aliens like Kolster is not properly before us at this time, we do not reach those questions."); *Hincapie–Nieto*, 92 F.3d at 31 ("We express no opinion on the nature of the remedy or the scope of review that remains available in any court."); *Williams v. INS*, 114 F.3d 82, 84 (5th Cir.1997) ("[T]his case does not require us to explore the perimeters of judicial review remaining available to criminal aliens such as Williams.")

*Mansour*, 123 F.3d at 426 n. 3.

process in the way changes in deportation law were applied to the petitioner. Or habeas review might be available to detect errors of law as well.

Constitutional review in this case appears barred as the Sixth Circuit already decided against petitioner's constitutional challenge. The doctrine of *res judicata* bars a suit on a cause of action that has been judicially determined on the merits in a prior suit involving the same parties or persons in privity with them.

Thus, the doctrine of claim preclusion requires the concurrence of four elements: (1) identity or privity of the parties to the actions; (2) similar claims that were or could have been litigated in the first cause of action; (3) the second cause of action arises out of the transaction or occurrence that was the subject matter of the previous action; and (4) a prior judgment on the merits by a court of competent jurisdiction. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997).

While the parties are identical in this action and in petitioner's earlier appeal of the BIA decision, the Sixth Circuit's two-page order was not a decision on the merits. *Res judicata* does not apply. The Sixth Circuit dismissed Barrett's appeal for jurisdictional reasons admittedly related to the AEDPA. In both actions, Petitioner Barrett has argued that the AEDPA was unconstitutional. However, the Sixth Circuit dismissed Barrett's immigration appeal and denied his request for a rehearing *en banc* without reaching the merits of his claims. As such, these decisions were not prior judgments on the merits. *Res judicata* does not stop Barrett's constitutional claims.

### IV

■ In this matter, however, the Court will decline to hold an evidentiary hearing or to issue the writ. Several prudential considerations suggest this course. *Cf. Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (judicial action restrained to avoid embarrassing another branch of government).

This matter is before the Court on respondent's motion to dismiss. Several factors recommend this Court decline to exercise habeas corpus jurisdiction. First, the record before this Court gives little description of petitioner's criminal record, family history, and connections, if any, with Jamaica. Second, the federal circuit courts traditionally reviewed denials of § 212(c) waivers and decided whether matters should be remanded to the BIA for reconsideration. In a proper case, this review by the federal circuit courts remains available. *See* 8 U.S.C. § 1252(b)(2) (petitions for review of new orders of removal "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.") Finally, declining the exercise of jurisdiction today because of these prudential concerns should lead to a speedier resolution of the final deportation order than if this Court were to conduct a hearing on Barrett's deportation.

### V

The Court finds that it has jurisdiction when an alien facing deportation for acts committed prior to the effective date of the Antiterrorism and Effective Death Penalty Act seeks a writ of habeas corpus under 28 U.S.C. § 2241. However, the Court declines to exercise this jurisdiction for the reasons discussed.

The Court notes that it did not find merit in respondent's motion, but is dismissing the case *sua sponte.* Accordingly, the petition is dismissed.

Since this case presents issues of first impression,[10] the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could be taken in good faith. The court hereby issues, pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b), a certificate of appealability as to the following issues: whether a federal district court properly exercises jurisdiction over habeas corpus petitions challenging deportation orders in the wake of recent changes in federal law;

10. *See Mansour*, 123 F.3d at 426 n. 3.

the scope of review available if such jurisdiction is allowed; and whether the Board of Immigration Appeals should reconsider its denial of Petitioner Barrett's request for discretionary relief from deportation under the § 212(c) waiver.

IT IS SO ORDERED.