Shwu–Huey RAY and Yong
Fang Zheng, Plaintiffs,

v.

Janet RENO, Michael C. Comfort,
Joseph R. Greene, and Meryl
E. Rogers, Defendants.

Civ. No. 2:97–CV–875–W.

United States District Court,
D. Utah,
Central Division.

April 28, 1998.

Vinh K. Ly, Salt Lake City, UT, for plaintiffs.

Mark K. Vincent, Assistant United States Attorney, Salt Lake City, UT, for defendants; Weldon S. Calbeck, Asst. District Counsel Immigration & Naturalization Service, Denver District, of counsel.

## MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

WINDER, Senior District Judge.

This matter is before the court on Defendants' Motion to Dismiss. A hearing on Defendants' motion was held on March 10, 1998. Plaintiffs, Shwu–Huey Ray ("Ray") and Yong Fang Zheng ("Zheng"), were represented by Vinh K. Ly. Defendants, Janet Reno, Michael C. Comfort, Joseph R. Greene, and Meryl Rogers, were represented by Mark K. Vincent. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to the motion. Now being fully advised, the court enters the following memorandum decision and order.

## I. *BACKGROUND*

In December of 1992, the Immigration and Naturalization Services ("INS") apprehended Plaintiff Zheng, a native and citizen of the People's Republic of China, while he was attempting to enter the United States without proper entry documents. While in INS detention, Zheng petitioned for political asylum and withholding of exclusion and deportation. On April 16, 1993, an Immigration Judge denied Zheng's petition and ordered Zheng "excluded and deported." Zheng appealed, and on August 19, 1993, the Board of Immigration Appeals ("BIA") dismissed the appeal. Zheng claims, however, that he was never notified of the BIA's denial of his appeal, and that as a result, he reapplied for political asylum and was given a second alien registration number. In the interim, Zheng moved to Ogden, Utah. In May 1997, Zheng married Plaintiff Ray, a United States citizen, and in June of 1997, the parties had a child. On August 22, 1997, Plaintiffs filed an application for adjustment of status based upon Zheng's marriage to a United States citizen. Thereafter, on September 11, 1997, Zheng was taken into INS custody in Aurora, Colorado.

In November of 1997, Plaintiffs initiated the present action by petitioning this court for a Writ of Habeas Corpus, a Writ of Mandamus, and a Stay of Removal. Specifically, Plaintiffs seek the following: to prevent the INS from executing the exclusion order against Zheng pending adjudication of Plaintiffs' application for adjustment of status; release of Zheng from INS custody; and immediate adjudication of Plaintiffs' adjustment of status application. Defendants now seek dismissal of Plaintiffs' claims on the ground that this court lacks subject matter jurisdiction. For the reasons set forth below, the court grants Defendants' Motion to Dismiss.

## II. *DISCUSSION*

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 1996 U.S.C.C.A.N. (110 Stat.) at 3009, enacted by Congress in September of 1996 entirely redefined the scope and/or availability of judicial review of immigration orders and decisions. Of particular importance in this action, section 306 of IIRIRA completely restructured judicial review of deportation orders, which were renamed "orders of removal ." Section 306 repealed section 106 of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1105a) in its entirety and replaced it with section 242. *See* IIRIRA § 306, 1996 U.S.C.C.A.N. (110 Stat.) at 3009–612 (codified at 8 U.S.C.A. § 1252 (West.Supp.1997)).

Amended section 242(a)(1) of the INA provides the United States Courts of Appeal with jurisdiction to review final orders of removal. Subsection (g) of section 242, titled "Exclusive Jurisdiction," further provides:

(g) EXCLUSIVE JURISDICTION. Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [the Immigration and Nationality Act ("INA") ].

*See* IIRIRA § 306.[1] Additionally, IIRIRA section 306(c)(1) provides that the "Exclusive Jurisdiction" provision of 242(g) "shall apply without limitation to claims arising from all past, pending, or future exclusions, deportation, or removal proceedings under such Act." IIRIRA § 306(c)(1), as amended by technical corrections on October 11, 1996, Pub.L. 104–302, 110 Stat. 3656.

As its title suggests, section 242(g) was enacted in order to preserve the Court of Appeals' exclusive jurisdiction by broadly precluding aliens from bringing deportation-related claims outside the context of the streamlined judicial review scheme established by Congress in the INA. *See* H.Rep. No. 104–469(I), 104th Cong., 2d Sess. 359, 463 (1996) (reproduced at 1996 WL 168955) (explaining that amendments to judicial review provisions were enacted in order to provide a "streamlined appeal and removal process"). Section 242(g) makes clear that no court may hear any claim arising from the Attorney General's decision or action to commence proceedings, adjudicate cases, and execute deportation orders, with the limited exception that "final orders of removal" may be reviewed "only by the court of appeals pursuant to 28 U.S.C. § 158." 8 U.S.C. § 1252(a)(1); *see, e.g., Safarian v. Reno,* 968 F.Supp. 1101, 1105 (E.D.La.1997) ("Generally [§ 242(g) ] has been held to divest the district court completely of all jurisdiction to review alien's claims.").

The jurisdictional bar contained in section 242(g) of the INA applies to this case and divests this court of jurisdiction to consider Plaintiffs' claims. The Plaintiffs brought the present action solely because the Attorney General initiated action to execute the final administrative order excluding Zheng from the United States. Plaintiffs seek to enjoin the Attorney General from removing Zheng so that he may pursue the administrative remedy of adjustment of status while present in this country. As such, this action is clearly a "claim by or on behalf of [an] alien arising from the decision or action by the Attorney General to ... execute removal orders against [an] alien under [the INA]," and is precisely the type of claim Congress sought to ban when enacting section 242(g).

Plaintiffs' petition for mandamus relief must also be dismissed for the same reasons. Although 28 U.S.C. § 1361 generally permits the district court to "compel an officer ... of the United States ... to perform a duty owed to the plaintiff," section 1361 does not confer federal jurisdiction but merely supplies a permissible remedy where subject matter jurisdiction already exists. *See Commercial Sec. Bank v. Walker Bank & Trust,* 456 F.2d 1352, 1355 (10th Cir.1972). Consequently, because section 242(g) of the INA precludes district court jurisdiction in this case, there is no jurisdictional authority for the issuance of a writ of mandamus.

Plaintiffs' counsel claims that even if Congress intended to limit judicial review of immigration actions via section 242(g), the Constitution prohibits Congress from so doing. Plaintiffs' arguments are based on the principle of separation of powers and the Fifth Amendment Due Process Clause. The court finds both arguments without merit.

First, section 242(g) of the INA does not violate but rather exemplifies the doctrine of separation of powers. The United States Supreme Court has stated: "The responsibility for regulating the relationship between the United States and our alien visitors has been committed to the political branches [as opposed to the judicial branch] of the Federal Government. Over no conceivable subject is the legislative power of Congress more complete." *Reno v. Flores,* 507 U.S. 292, 305, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993) (internal quotation marks and citations omitted); *see also Auguste v. Reno,* 118 F.3d 723,

---

1. This section went into effect on April 1, 1997.

726 (11th Cir.1997) ("[N]ot only does [section 242(g) ] not violate Article III, it is illustrative of the concept of separation of powers envisioned by the Constitution.' " quoting *Boston–Bollers v. I.N.S.*, 106 F.3d 352, 355 (11th Cir.1997)).

■ Second, Congressional restriction of federal court jurisdiction does not violate the Due Process Clause. "The power to expel aliens, being essentially a power of the political branches of government, the legislative and the executive, may be exercised entirely through executive officers, with such opportunity for judicial review of their action as congress may see fit to authorize or permit." *Carlson v. Landon*, 342 U.S. 524, 537, 72 S.Ct. 525, 96 L.Ed. 547 (1952) (internal quotation marks omitted). Moreover, because the deportation of an alien is neither a criminal proceeding nor punishment, "[n]o judicial review is guaranteed by the Constitution." *Id.* In short, section 242(g) of the INA does not deny an alien due process "because the Constitution does not give aliens the right to judicial review of deportation orders." *Boston–Bollers*, 106 F.3d at 355.

■ Finally, Plaintiffs' claim that this Court may review the INS' actions under the Administrative Procedures Act ("APA"). On this subject, the Supreme Court has explicitly stated that the APA is not applicable to deportation proceedings under the INA. *Marcello v. Bonds*, 349 U.S. 302, 310, 75 S.Ct. 757, 99 L.Ed. 1107 (1955). Plaintiffs acknowledge this language, but try to distinguish *Marcello* on the ground that *Marcello* involved deportation proceedings and Zheng is in exclusion proceedings. Plaintiffs' attempt to distinguish *Marcello* is unavailing. That *Marcello* involved a deportation order rather than exclusion order was not a factor in the Court's decision. In fact, the relevant statutory language analyzed in *Marcello* is identical for both deportation and exclusion proceedings. *Compare* § 242(b) of the INA of 1952 (applicable to deportation proceedings) *with* § 236(a) of the INA of 1952 (applicable to exclusion proceedings). Moreover, since the Supreme Court's holding in *Marcello,* courts have routinely relied upon *Marcello* to support the general notion that "the APA is not a useful tool for aliens challeng-

ing immigration decisions." *See Lalani v. Perryman,* 105 F.3d 334, 337 (7th Cir.1997). Similarly, this court concludes that Plaintiffs cannot use the APA as a vehicle for reviewing or contesting the Attorney General's actions regarding immigration matters.

Accordingly, based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

In accordance with the court's Memorandum Decision and Order Granting Defendants' Motion to Dismiss, entered this date, and Rule 58 Fed.R.Civ.P., and good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED, and plaintiffs' complaint is dismissed.