**UNITED STATES of America, Appellee,**

v.

**John GEORGOPOULOS and Robert Skeries, Defendants–Appellants,**

Brady Winstead, Defendant.

Docket Nos. 98–1190, 98–1202.

United States Court of Appeals,
Second Circuit.

Argued July 16, 1998.*

Decided July 24, 1998.

Jason Solotaroff, New York City, for Appellant John Georgopoulos.

Spiros A. Tsimbinos, Kew Gardens, NY, for Appellant Robert Skeries.

Patricia Notopoulos, Assistant United States Attorney, Eastern District of New York (Zachary W. Carter, United States Attorney, David C. James and Emily Berger, Assistant United States Attorneys, on the brief), for Appellee.

Before: CABRANES and REAVLEY,** Circuit Judges, and JONES,*** District Judge.

PER CURIAM:

Defendants-appellants John Georgopoulos and Robert Skeries appeal from a March 27, 1998 judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, Judge) convicting them, after a jury trial, of conspiracy to accept payments as officers of a labor organization, in violation of 18 U.S.C. § 371, and acceptance of payments as officers of a labor organization, in violation of 29 U.S.C. § 186(b).[1] The district court sentenced each appellant principally to 13 months' imprisonment, three years' supervised release, and a $6,000 fine. Both Georgopoulos and Skeries challenge the sufficiency of the evidence on both counts and the district court's instruction on the willfulness element of the 29 U.S.C. § 186 offense. In addition, Skeries claims that the indictment was "duplicitous" and challenges two of the district court's evidentiary rulings.

We write only to address the appellants' contention that the district court erred in its jury instruction on the "willfulness" element of the substantive crime, 29 U.S.C. § 186 ("Section 186"). The penalty provision applicable to the appellants' conduct, 29 U.S.C. § 186(d)(2),[2] specifies the punishment for

---

* This case was heard pursuant to an order of the Chief Judge of the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 46(b) certifying a judicial emergency.

** The Honorable Thomas M. Reavley of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

*** The Honorable Barbara S. Jones of the United States District Court for the Southern District of New York, sitting by designation.

1. 29 U.S.C. § 186(a)(1) provides in pertinent part that "[i]t shall be unlawful for any employer ... to pay ... any money or other thing of value to any labor organization, or any officer or employee thereof, which represents ... any of the employees of such employer."

29 U.S.C. § 186(b)(1) provides in pertinent part that "[i]t shall be unlawful for any person to request ... or accept ... any payment ... or other thing of value prohibited by subsection (a) of this section."

2. 29 U.S.C. § 186(d)(2) provides in pertinent part that "any person who willfully violates [subsection 186(b)(1)] shall, upon conviction thereof, be guilty of a felony and subject to a fine of not more than $15,000, or imprisoned for not more than five years, or both."

those who "willfully violate" Section 186 'sprohibition against union officials' acceptance of payments from employers. At trial, both appellants asked the district court for a specific intent instruction on "willfulness"— that is, an instruction that the government was required to prove that the appellants had acted with bad purpose and with knowledge that their conduct was unlawful. The district court rejected their request, and instead instructed the jury that the government needed only to prove that the appellants' conduct was deliberate and voluntary.

The appellants acknowledge that we have long held that, as used in Section 186, "willfully" does not require a showing of bad purpose or of unlawful intent. *See United States v. Ricciardi*, 357 F.2d 91, 100 (2d Cir.), *cert. denied*, 384 U.S. 942, 86 S.Ct. 1464, 16 L.Ed.2d 840 (1966) *and* 385 U.S. 814, 87 S.Ct. 35, 17 L.Ed.2d 55 (1966); *United States v. Ryan*, 232 F.2d 481, 482–83 (2d Cir.1956). Nonetheless, they claim that we are required to revise that holding in light of the Supreme Court's decisions in *Ratzlaf v. United States*, 510 U.S. 135, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994), and *Bryan v. United States*, —— U.S. ——, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998). In *Ratzlaf*, the Supreme Court held that the "willfulness" element of the antistructuring provision of the Money Laundering Control Act of 1986, 31 U.S.C. § 5324, required a showing that the defendant acted with knowledge that his conduct was unlawful. *See* 510 U.S. at 549. At issue in *Bryan* was the "willfulness" element of 18 U.S.C. § 922(a)(1)(A), as amended by the Firearms Owners' Protection Act in 1986. In its discussion, the Court noted that *"as a general matter,* when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.' In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Bryan,* —— U.S. at ——, 118 S.Ct. at 1945 (emphasis supplied; footnote and internal quotation marks omitted). We do not agree that these decisions require a revision of our longstanding interpretation of the "willfulness" element of Section 186.

First, neither *Ratzlaf* nor *Bryan* disturbed the well-settled proposition that "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan,* —— U.S. at —— ——, 118 S.Ct. at 1944–45 (internal quotation marks omitted); *see also Ratzlaf,* 510 U.S. at 141, 114 S.Ct. 655 (same). And we, along with the majority of other Circuits to have considered the issue, have consistently held that, in the context of Section 186, "willfully" requires only a finding of general intent. *See United States v. Phillips,* 19 F.3d 1565, 1581–82 (11th Cir.1994) (decided after *Ratzlaf*), *cert. denied* 514 U.S. 1003, 115 S.Ct. 1312, 131 L.Ed.2d 194 (1995); *United States v. Bloch,* 696 F.2d 1213, 1216 (9th Cir.1982); *United States v. Pecora,* 484 F.2d 1289, 1294 (3d Cir.1973); *United States v. Carter,* 311 F.2d 934, 943 (6th Cir.), *cert. denied,* 373 U.S. 915, 83 S.Ct. 1301, 10 L.Ed.2d 415 (1963). *But see United States v. Papia,* 910 F.2d 1357, 1362 (7th Cir.1990) (willfulness requires "an awareness of or reckless disregard for" Section 186(d)'s restrictions).

Second, the history and structure of Section 186 lend support to our view that the statute requires only a finding of general intent. Section 186 may be broken into five basic components. Subsection 186(a) prohibits employers from making payments to "representatives" of their employees or to union officials. Subsection 186(b) prohibits representatives and union officials from receiving such payments. Subsections 186(c)(1) through (c)(3) set forth certain categorical exceptions to the prohibitions set forth in subsections 186(a) and (b). Subsections 186(c)(4) through (c)(9) identify certain types of payments, particularly contributions to employee trust funds and pension plans, that are permitted if specified requirements are met. Finally, subsections 186(d)(1) and (2) set forth the penalties for violating Section 186.

Until 1984, Section 186 had only one penalty provision, subsection 186(d), which provided that anyone convicted of "willfully violat[ing]" any provision of Section 186 would be guilty of a misdemeanor punishable by a fine of not more than $10,000 and/or by imprisonment of up to one year. Congress

172

ultimately found these penalties "inadequate" to "protect the legitimacy of labor relations" and determined that the "sanctions need[ed] to be made more firm." S.Rep. No. 98–225 at 297 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3477. Accordingly, in 1984, Congress amended Section 186 so that any violation involving a payment of more than $1,000 would constitute a felony punishable by a fine of up to $15,000 and/or up to five years' imprisonment.

In enacting these increased penalties, however, Congress also "recognize[d] that a wide range of [Section 186] violations do not involve payoffs or bribes, but simply fail to meet the detailed requirements" for the exemptions set forth under subsections 186(c)(4) through (c)(9). *Id.* Accordingly, Congress created a separate penalty provision, subsection 186(d)(1), to deal exclusively with violations involving those exemptions. Subsection 186(d)(1) provides that, to be convicted of violating subsections (c)(4) through (c)(9), one must have acted "willfully and with intent to benefit himself or to benefit other persons *he knows are not permitted to receive a payment ... under subsections (c)(4) through (c)(9)*." (emphasis supplied). All other violations of Section 186 are addressed in subsection 186(d)(2). Like its predecessor provision, subsection 186(d), which had been in effect since the enactment of Section 186 in 1947, subsection 186(d)(2) requires proof only that an individual acted "willfully."

Two points emerge from this analysis. First, it is clear that when Congress wished to provide for a heightened *mens rea* requirement—as in the case of violations of subsections 186(c)(4) through (9)—it stated its intentions explicitly. Second, at the time that Congress amended Section 186 in 1984—leaving unchanged the *mens rea* requirement for all violations not involving subsections 186(c)(4) through (c)(9)—four Circuits had already interpreted Section 186 to require only a finding of general intent. Because we may assume that Congress was aware of existing law at the time it amended Section 186, *see Miles v. Apex Marine Corp.,* 498 U.S. 19, 32, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), we may reasonably conclude that

Congress approved of the then-prevalent interpretation of Section 186's "willfulness" element.

For all of these reasons, we adhere to the well-settled law of this Circuit that the "willfulness" element of Section 186 requires only a finding of general intent.

We have considered the appellants' remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is affirmed.