José Duvan HINCAPIE–NIETO, A34
308 195, Petitioner–Appellant,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.

No. 96–4022.

United States Court of Appeals,
Second Circuit.

Submitted June 4, 1996.

Decided Aug. 2, 1996.

JON O. NEWMAN, Chief Judge:

This motion by the Government to dismiss an alien's petition to review an order of the Board of Immigration Appeals ("BIA") requires this Court to consider the effect of the recently enacted Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), upon our jurisdiction over petitions for review filed before the effective date of the AEDPA. José Duvan Hincapie–Nieto petitions for review of the January 18, 1996, order of the BIA finding him deportable because of a narcotics conviction, denying his request for discretionary relief, and ordering his deportation. We conclude that the AEDPA has repealed the jurisdiction a court of appeals formerly had over petitions for review filed by aliens convicted of drug offenses like those committed by Hincapie–Nieto, and that the Act's removal of jurisdiction validly applies to petitions filed before the Act's effective date. We therefore dismiss the petition for review.

### Background

Hincapie-Nieto is a 61–year–old citizen of Colombia. He entered the United States in 1971, and adjusted his status to lawful permanent resident in 1975. In 1992 he was convicted in a federal court of conspiracy to distribute, and to possess with intent to distribute, cocaine, in violation of 21 U.S.C. § 846. He completed a 20–month sentence and is currently serving a two-year term of supervised release. Because of his conviction, the Immigration and Naturalization Service initiated deportation proceedings, charging petitioner with deportability under section 241(a)(2)(B)(i) (controlled substance violation) and section 241(a)(2)(A)(iii) (aggravated felon) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1251(a)(2)(B)(i), (a)(2)(A)(iii).

Ultimately, petitioner conceded deportability and applied for discretionary relief pursuant to section 212(c) of the INA, 8 U.S.C. § 1182(c). *See Buitrago–Cuesta v. INS*, 7 F.3d 291, 292 (2d Cir.1993). The Immigration Judge denied relief and ordered Hincapie–Nieto deported. The BIA affirmed.

On February 16, 1996, Hincapie–Nieto filed in this Court a petition to review the

Stanley H. Wallenstein, New York City (Lucas Guttentag and Lee Gelernt, American Civil Liberties Union Foundation, Immigrants' Rights Project, New York City, on the brief), for petitioner-appellant.

Diogenes P. Kekatos, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., Jonathan E. Demson, Steven I. Froot, James A. O'Brien, III, and Steven M. Haber, Asst. U.S. Attys., New York City, on the brief), for respondent-appellee.

Before: NEWMAN, Chief Judge, JACOBS and CABRANES, Circuit Judges.

BIA's order. By stipulation, that petition was withdrawn without prejudice. Petitioner has now moved to reinstate the petition. The Government moves to dismiss for lack of jurisdiction, or, alternatively, to affirm.

### Discussion

Prior to enactment of the AEDPA, section 106(a)(1)–(6) of the INA, 8 U.S.C. § 1105a(a)(1)–(6), provided for the filing of a petition for review of a final order of deportation, and section 106(a)(10), 8 U.S.C. § 1105a(a)(10), provided that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." Section 440(a) of the AEDPA amends section 106(a)(10) of the INA, 8 U.S.C. § 1105a(a)(10) to read:

> (10) Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i), shall not be subject to review by any court.

Hincapie-Nieto is deportable by reason of having committed a criminal offense covered by section 241(a)(2)(A)(iii) and section 241(a)(2)(B). Section 440(a) of the AEDPA thus facially deprives this Court of jurisdiction that would otherwise exist under section 106(a)(1)–(6) of the INA to consider petitions for review filed by aliens, like Hincapie–Nieto, who have been ordered deported because of conviction of specified offenses.

▪ The AEDPA was signed into law by the President on April 24, 1996. Section 440(f) of the Act contains an effective date provision applicable only to section 440(e), and the remainder of section 440, lacking an effective date provision, became effective upon enactment. We therefore face the issue of whether section 440(a)'s bar to judicial review may be applied to a petition filed before the effective date of the Act.[1]

The Supreme Court has recently supplied considerable guidance on the issue of whether newly enacted statutes may be applied to pending cases. In *Landgraf v. USI Film Products, Inc.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Court instructed that statutes impairing substantive rights will normally be considered to encounter retroactivity objections and that retroactivity will not be permitted, at least in the absence of clear Congressional intent. *Id.* at 280, 114 S.Ct. at 1505. At the same time, the Court noted that it had "regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed." *Id.* at 274, 114 S.Ct. at 1501; *see id.* at 293, 114 S.Ct. at 1525 (Scalia, J., concurring) ("[A]pplying [a jurisdiction-eliminating statute] to prevent any judicial action after the statute takes effect is applying it prospectively."). As the Court explained, "Application of a new jurisdictional rule usually 'takes away no substantive right but simply changes the tribunal that is to hear the case.'" *Id.* at 274, 114 S.Ct. at 1502 (citing *Hallowell v. Commons*, 239 U.S. 506, 508, 36 S.Ct. 202, 203, 60 L.Ed. 409 (1916)). The citation to *Hallowell* is especially pertinent to the pending case. *Hallowell* affirmed dismissal for lack of jurisdiction of a suit brought by an heir of a member of the Omaha Tribe to establish title to an allotment made to the decedent. A statute enacted after the suit was begun deprived the District Court of jurisdiction that it formerly had and left such disputes to be resolved by the Secretary of the Interior. *Hallowell*, 239 U.S. at 508, 36 S.Ct. at 203.

The language of *Landgraf* and its explicit reliance on *Hallowell* make it clear that section 440(a) of the AEDPA may be applied to remove our pre-existing jurisdiction over petitions for review filed before the Act's effective date by those aliens whose offenses are covered by amended section 106(a)(10) of the INA. Hincapie–Nieto's prior right of judicial review via a petition for review is no more a substantive right than was Hallowell's prior right to have his claim adjudicated in a district court.

We therefore conclude that we lack jurisdiction over Hincapie–Nieto's petition for re-

---

1. For purposes of this proceeding, we are willing to assume that, since Hincapie–Nieto by stipulation withdrew his original petition without prejudice, he is entitled now, upon seeking reinstatement, to have whatever benefit he might derive from the original filing date.

view. *See Mendez–Rosas v. INS,* 87 F.3d 672 (5th Cir.1996). The arguably contrary view of the Seventh Circuit, *see Reyes–Hernandez v. INS,* 89 F.3d 490 (7th Cir.1996), does not persuade us to assert jurisdiction. The Seventh Circuit noted that the AEDPA not only removes appellate jurisdiction over petitions for review by aliens deported because of certain criminal offenses but also renders such aliens ineligible for discretionary relief under section 212(c) of the INA. *See* AEDPA, § 440(d). The Seventh Circuit was concerned that the alien in the case before it, who was petitioning for review of the BIA's denial of discretionary relief, might not have conceded deportability had he known that administrative discretionary relief and a petition to review the denial of such relief would both be foreclosed by the AEDPA. Applying section 440(a) to such an alien, the Court concluded, would "mousetrap" him in a way unlikely to have been intended by Congress. We are skeptical that any alien concedes deportability only because of the expected possibility of section 212(c) relief and the availability of a petition for review of the denial of such relief. It is far more likely that deportability is conceded because there is no conceivable defense available. In any event, whatever expectation might have been held by the alien petitioning the Seventh Circuit in *Reyes–Hernandez,* Hincapie–Nieto, like the petitioner in *Mendez–Rosas,* fully concedes his deportability.[2]

█ The absence of an opportunity for some aliens to file a petition for review in a court of appeals does not necessarily mean, however, that the federal courts are closed to all claims by such aliens arising in the course of deportation proceedings. In *Felker v. Turpin,* ── U.S. ──, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), the Supreme Court faced a somewhat analogous situation in its consideration of section 106(b) of the AEDPA, 28 U.S.C. § 2244(b) (as amended). That provi-

sion, applicable to all persons filing habeas corpus petitions under 28 U.S.C. § 2254, imposes new restrictions on the filing of second or successive habeas petitions. *See also* AEDPA, § 105, amending 28 U.S.C. § 2255. Among the new restrictions is a "gatekeeping" provision requiring the petitioner to obtain from a court of appeals permission to present a second or successive habeas petition to a district court. 28 U.S.C. § 2244(b)(3) (as amended). The grant or denial of such permission by a court of appeals is not subject to a writ of certiorari in the Supreme Court. *Id.* § 2244(b)(3)(E). The Supreme Court rejected the contention that this limitation on its certiorari jurisdiction was an unconstitutional impairment of its authority under Article III, § 2, of the Constitution, since nothing in the AEDPA impaired the Court's original jurisdiction to entertain an application for a writ of habeas corpus. *Felker,* ── U.S. at ── – ──, 116 S.Ct. at 2338–39.

At oral argument in the pending case, we asked the Government for its views as to whether the abolition of our jurisdiction to entertain Hincapie–Nieto's petition for review also precluded whatever habeas corpus remedies he might otherwise have. The Government's response points out that section 106(a) of the AEDPA repeals the preexisting authorization for judicial review of deportation orders by habeas corpus proceedings contained in section 106(a)(10) of the INA, 8 U.S.C. § 1105a(a)(10), and replaces it with the restriction on judicial review that bars petitions for review for aliens, like Hincapie–Nieto, who have been ordered deported because of conviction of specified offenses. *See* Letter from Diogenes P. Kekatos, Asst. U.S. Atty., to the panel at 4, (June 7, 1996). The response therefore concludes that Hincapie–Nieto may not challenge his deportation order by petition for a

---

2. Our ruling is confined to section 440(a)'s limitation upon our jurisdiction over petitions for review, which is solely a jurisdiction-eliminating provision. We express no view as to the permissibly retrospective application of section 440(d), which eliminates what is arguably a substantive right, albeit a right only to discretionary relief. That provision is not implicated in the pending case because Hincapie–Nieto's administrative re-

quest for discretionary relief under section 212(c) was considered by the BIA, prior to the partial withdrawal of such authority by section 440(d) of the AEDPA. We also note that the BIA has construed section 440(d) not to apply to a petition for section 212(c) relief that was filed before the effective date of the AEDPA. *See In re Soriano,* Int. Dec. 3289 at 6 (BIA June 27, 1996).

writ of habeas corpus. *Id.* The response continues, he

> may, however, challenge his *detention* by application for habeas corpus in the event that he is taken into INS custody pursuant to 8 U.S.C. §§ 1105a(a)(8) and 1252(c). *See* 8 U.S.C. § 1252(a)(1) (authorizing habeas corpus proceedings for review of detention pending determination of deportability); *id.* § 1252(c) (authorizing habeas corpus proceedings for review of custody of alien subject to final order of deportation); *Bertrand v. Sava,* 684 F.2d 204, 210 (2d Cir.1982).

*Id.* (emphasis added).

Since the Government acknowledges that at least some avenue for judicial relief remains available, we see no infirmity in the repeal of our prior jurisdiction to entertain Hincapie–Nieto's petition for review of his deportation order. *Cf. Felker v. Turpin, supra.* We express no opinion on the nature of the remedy or the scope of review that remains available in any court.

Accordingly, the petition for review is dismissed for lack of jurisdiction.