Deboris CALCANO–MARTINEZ,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

Sergio Madrid, Petitioner,

v.

Immigration and Naturalization
Service, Respondent.

Fazila Khan, Petitioner,

v.

Immigration and Naturalization
Service, Respondent.

Docket Nos. 98–4033, 98–
4214 and 98–4246.

United States Court of Appeals,
Second Circuit.

Argued: March 30, 2000.

Decided: Sept. 1, 2000.

Lucas Guttentag and Christopher J. Meade, American Civil Liberties Union Foundation, New York, N.Y. (Lee Gelernt; Kerry William Bretz, Jules Coven, Alan Michael Strauss, Matthew L. Guadagno and Bretz & Coven, of counsel), for Petitioners.

Diogenes P. Kekatos, Assistant United States Attorney, New York, N.Y. (Mary Jo White, United States Attorney, James A. O'Brien III, Special Assistant United States Attorney, and Gideon A. Schor, Assistant United States Attorney, of counsel), for Respondent.

Before OAKES, WALKER, and KEITH,[*] Circuit Judges.

OAKES, Senior Circuit Judge:

The consolidated cases before the Court require us to interpret the effect of the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546 (1996), on the jurisdiction of federal courts to hear challenges raised by criminal aliens with respect to removal proceedings commenced by the Immigration and Naturalization Service ("INS"). In three opinions handed down in the last three years, we considered the effect of various provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996) and the transitional rules of IIRIRA on a federal court's jurisdiction to review removal proceedings. This is our first occasion to examine the effect of IIRIRA's permanent rules in the same context.

In enacting the AEDPA and IIRIRA in 1996, Congress reworked the role of the courts in immigration decisions by severely limiting judicial review of final orders of deportation for certain classes of aliens. By enacting these laws, Congress clearly meant to speed the removal of legal permanent residents convicted of certain crimes from the United States by curtailing the availability of judicial review of their removal orders. See H.R.Rep. No. 104–879 at 251–61 (1997), 1997 WL 9288; H.R. Conf. Rep. No. 104–828, at 495–507 (1997), 1997 WL 563320. In our first decision interpreting Congress's 1996 amendments, we held that the AEDPA "repealed the jurisdiction a court of appeals formerly had over petitions for review filed by aliens convicted of [certain criminal offenses]." *Hincapie–Nieto v. INS*, 92 F.3d 27, 28 (2d Cir.1996). Two years later, we held that under the transitional rules of IIRIRA, federal courts retained habeas jurisdiction under 28 U.S.C. § 2241. See *Jean–Baptiste v. Reno*, 144 F.3d 212, 220 (2d Cir.), *reh'g denied*, 175 F.3d 226 (2d Cir.1998). Four months after our decision in *Jean–Baptiste*, we examined the scope of the remaining habeas review and held that federal courts retained jurisdiction to review statutory and constitutional challenges to deportation orders. See *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir.1998), *cert. denied, Reno v. Navas*, 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999).

The three petitioners before us, Deboris Calcano–Martinez, Sergio Madrid, and Fazila Khan, are legal permanent residents of the United States who have been ordered deported because of prior criminal convic-

---

[*] The Honorable Damon J. Keith of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

tions. Each has filed a petition for review in this Court pursuant to INA § 242(a)(2), codified at 8 U.S.C. § 1252(a)(2), challenging the final orders of removal entered against them by the Board of Immigration Appeals ("BIA"). Each petitioner has also filed a petition for habeas corpus in a United States district court. The petitions of Calcano–Martinez and Madrid were dismissed without prejudice to refiling after this Court's mandate in the present case, and Khan's petition is pending in the Eastern District of New York. On appeal, the petitioners do not dispute that they are aliens with criminal convictions that render them deportable under the Immigration and Naturalization Act ("INA"). Rather, they raise statutory challenges to the Attorney General's interpretation of the immigration laws under which they face deportation and constitutional challenges to the statute itself.

The INS argues that this Court does not have jurisdiction to hear these petitions. We hold, for the reasons set forth herein, that INA § 242(a)(2)(C) bars this Court from reviewing claims against final orders of removal filed by certain classes of criminal aliens, including the petitioners. We also hold that IIRIRA's permanent rules do not repeal a federal court's jurisdiction to review criminal aliens' removal orders by writ of habeas corpus under 28 U.S.C. § 2241. In doing so, we follow decisions by the Third and Ninth Circuit Courts of Appeals and the principles set forth in our prior cases interpreting the immigration laws. Accordingly, we dismiss the petitions without prejudice to the same claims being brought pursuant to habeas petitions.

## I. BACKGROUND

### A. Deboris Calcano–Martinez.

Deboris Calcano–Martinez is a native and citizen of the Dominican Republic who was admitted to the United States as a lawful permanent resident in 1971, when she was three years old. She has four children who are United States citizens. On October 9, 1996, Calcano was sentenced to one to three years' imprisonment based on her April 24, 1996, guilty plea to attempted criminal sale of heroin in the third degree, in violation of §§ 110 and 220.39 of the New York Penal Law.

On June 16, 1997, the INS commenced removal proceedings against Calcano–Martinez by filing a Notice to Appear. *See* 8 C.F.R. § 239.1(a) (1999). The notice charged that Calcano–Martinez's narcotic conviction rendered her deportable from the United States pursuant to INA §§ 237(a)(2)(A)(iii) and (a)(2)(B)(i), codified at 8 U.S.C. §§ 1227(a)(2)(A)(iii), (a)(2)(B)(i) (1999), as an alien convicted of an aggravated felony and as an alien convicted of a violation of a controlled substance law.[1]

A removal hearing, at which Calcano–Martinez was represented by counsel, was held before an Immigration Judge ("IJ"). At the end of the hearing, the IJ ordered Calcano–Martinez deportable as charged by the INS and ruled that, based on her criminal convictions, she was statutorily ineligible for any relief from removal. Calcano–Martinez timely appealed the IJ's decision to the BIA. The BIA dismissed her appeal. On January 29, 1998, Calcano filed a petition for review in this Court. On October 13, 1999, Calcano filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of New York. *See Calcano–Martinez v. Reno,* No. 99 Civ. 10481 (S.D.N.Y. filed Oct. 13, 1999). By stipulation and order dated December 20, 1999, Calcano's habeas petition was dismissed without prejudice to refiling after this Court's mandate in the instant case.

---

**1.** INA § 237(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." INA § 237(a)(2)(B)(i) states that "[a]ny alien who at any time after admission has been convicted of a violation of ... any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... is deportable."

### B.   Sergio Madrid.

Sergio Madrid is a native and citizen of Mexico who remained in the United States unlawfully until his status was adjusted to lawful permanent resident of the United States at the age of seventeen.   On September 6, 1994, Madrid was sentenced to a prison term of four years to life based on his conviction for the criminal sale of a controlled substance in the second degree, in violation of § 220.41 of the New York Penal Law.

On June 24, 1997, the INS commenced removal proceedings against Madrid by filing a Notice to Appear.   The notice charged that Madrid's narcotic conviction rendered him deportable from the United States as an alien convicted of an aggravated felony and as an alien convicted of a violation of a controlled substance law. *See*   8   U.S.C.   §§ 1227(a)(2)(A)(iii), (a)(2)(B)(i); 8 U.S.C. § 1101(a)(43).[2]  A removal hearing was held before an IJ and at the close of the hearing, the IJ rendered Madrid deportable.   Madrid appealed the BIA's decision and on May 4, 1998, the BIA dismissed his appeal.   On June 4, 1998, Madrid filed a petition for review in this Court.   On October 13, 1999, Madrid filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of New York. *Madrid v. Reno,* No. 99 Civ. 10482 (S.D.N.Y. filed Oct. 13, 1999).   By stipulation and order dated December 20, 1999, Madrid's habeas petition was dismissed without prejudice to refiling after this Court's mandate in the instant case.

### C.   Fazila Khan.

Fazila Khan is a native and citizen of Guyana who was admitted to the United States as a lawful permanent resident on September 2, 1987.   Khan's family, including her mother and sister as well as five of her aunts and uncles, are also United States citizens.   She also has a four-year-old daughter who is a United States citi-

zen.   On February 13, 1997, Khan was sentenced to a prison term of four months, to be followed by a period of supervised release for one year, in connection with her November 6, 1996, guilty plea to the use of a telephone to facilitate the distribution of heroin in violation of 21 U.S.C. §§ 843(b), (d).

In May 1997, the INS commenced removal proceedings against Khan by filing a Notice to Appear.   The notice charged that her offense rendered her deportable as an alien convicted of an aggravated felony. *See* INA § 237(a)(2)(A)(iii), codified at 8 U.S.C. § 1127(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(B).

A removal hearing was held before an IJ and Khan, represented by counsel, denied that she was deportable as charged.   On July 24, 1997, the IJ ordered her deportable.   Khan timely appealed the IJ's decision.   On May 28, 1997, the BIA issued a decision dismissing Khan's appeal.   On June 29, 1998, Khan filed a petition for review in this Court.   On October 13, 1998, Khan also challenged her removal order by filing a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. *Khan v. Reno,* No. CV 99–6515 (E.D.N.Y. filed Oct. 13, 1999).   That petition is pending.

### D.   INA § 212(c) Waiver from Deportation.

Under former INA § 212(c), codified at 8 U.S.C. § 1182(c) (1996), the Attorney General had discretionary authority to waive the deportation of an alien deportable because of a prior conviction where deportation would cause extraordinary hardship to the deportee or his or her family.   The permanent rules of IIRIRA, effective April 1, 1997, repealed § 212(c) in its entirety and replaced it with another form of relief entitled "cancellation of removal," found at new INA § 240A, codified at 8 U.S.C. § 1229b (1999). *See* IIRIRA

---

**2.**  INA  §  101(a)(43),  codified  at  8  U.S.C. § 1101(a)(43), defines "aggravated felony" as

a crime involving "illicit trafficking in a controlled substance."

§§ 304(a), (b), 110 Stat. at 3009–587–594. That relief, permitting the Attorney General to waive deportation for certain classes of aliens, is categorically not available to an alien convicted of a crime that qualifies as an "aggravated felony" under the statute. *See id.* The petitioners are each ineligible for "cancellation of removal" because their convictions qualify as "aggravated felonies" under the INA. *See* INA § 240A, codified at 8 U.S.C. § 1229b (1999); 8 U.S.C. § 1101(a)(43).

In their petitions for review to this Court, the petitioners argue that the BIA erred by interpreting IIRIRA § 304's repeal of § 212(c) relief and replacement with "cancellation of removal" to apply retroactively to an alien who is convicted before April 1, 1997, the effective date of IIRIRA § 304(a).[3] The petitioners further contend that if IIRIRA is interpreted to apply retroactively to pre-enactment convictions, § 304(a) of IIRIRA is unconstitutional because it violates their rights guaranteed under the due process and equal protection clauses of the U.S. Constitution.

## II. DISCUSSION

We must consider whether we have jurisdiction over the petition before us. Implicit in this question is whether IIRIRA's permanent rules repealed habeas corpus jurisdiction to review final removal orders entered against a legal resident alien who is removable because of a prior conviction. *See Liang v. INS*, 206 F.3d 308, 312–13 (3d Cir.2000) (noting the interrelationship between jurisdiction over a petition for review and habeas corpus). The permanent rules of IIRIRA are Congress's most recent enactment, in a line of many, on the subject of the judicial review available over immigration decisions. A complete discussion of the history of judicial review of immigration orders is set forth in this Court's decision in *Henderson*, 157 F.3d at 112–17. For our purposes on this appeal,

it is necessary to begin with the 1996 amendments to the INA.

### A. The AEDPA.

In April of 1996, Congress enacted the AEDPA, which included two provisions relevant to the judicial review of immigration decisions. Prior to the enactment of the AEDPA, INA § 106(a)(10) provided that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." 8 U.S.C. ·§ 1105a(a)(10) (1996). Section 401(e) of the AEDPA, entitled "Elimination of Custody Review by Habeas Corpus," explicitly repealed prior INA § 106(a)(10). *See* AEDPA § 401(e), 110 Stat. at 1268. Section 440(a) was enacted to replace the repealed provision and substitute the following language:

(10) Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i), shall not be subject to review by any court.

AEDPA § 440(a), 110 Stat. at 1276–77, codified at 8 U.S.C. § 1105a(a)(10) (1996) (repealed by IIRIRA § 306(b), 110 Stat. at 3009–612, September 30, 1996, with respect to deportation proceedings commenced after April 1, 1997).

In *Hincapie–Nieto*, 92 F.3d at 29–30, we held that § 440(a) repealed a court of appeals's pre-existing jurisdiction over petitions for review filed by aliens ordered deported because of the convictions specified. In holding that our jurisdiction over a petition for review was repealed, we noted that "[t]he absence of an opportunity for some aliens to file a petition for review in a court of appeals does not necessarily

---

**3.** At argument, counsel for the petitioners alternatively argued that IIRIRA §§ 304(a), (b) should not apply retrospectively to guilty pleas entered to deportable crimes prior to IIRIRA's effective date.

mean ... that the federal courts are closed to all claims by such aliens arising in the course of deportation proceedings." *Id.* at 30. In *Hincapie–Nieto*, it was not necessary to determine whether district courts continued to have 28 U.S.C. § 2241 habeas jurisdiction over final deportation orders after the AEDPA. In dicta, however, we stated that no constitutional infirmity appeared to arise from AEDPA § 440(a)'s repeal of our jurisdiction because the INS assured that at least some avenue for judicial relief remained available through a challenge to detention by application for habeas corpus. *See id.* at 30–31.

Our suggestion in *Hincapie–Nieto* that AEDPA § 440(a)'s bar of judicial review under the INA was constitutional because courts might review deportation orders through habeas corpus petitions was in accord with the vast majority of courts of appeals to consider the same issue. *See Mansour v. INS,* 123 F.3d 423, 426 (6th Cir.1997); *Mendez–Morales v. INS,* 119 F.3d 738, 739 (8th Cir.1997); *Williams v. INS,* 114 F.3d 82, 83–4 (5th Cir.1997); *Fernandez v. INS,* 113 F.3d 1151, 1154–55 (10th Cir.1997); *Chow v. INS,* 113 F.3d 659, 668–70 (7th Cir.1997); *Boston–Bollers v. INS,* 106 F.3d 352, 354 n. 1 (11th Cir. 1997); *Kolster v. INS,* 101 F.3d 785, 790–91 (1st Cir.1996); *Salazar–Haro v. INS,* 95 F.3d 309, 311 (3d Cir.1996); *Duldulao v. INS,* 90 F.3d 396, 400 n. 4 (9th Cir.1996).

## B. IIRIRA's Transitional Rules.

Five months after enacting the AEDPA, on September 30, 1996, Congress enacted IIRIRA, which further narrowed judicial review for legal residents ordered removable because they were convicted of certain crimes. IIRIRA contains two sets of provisions. The transitional rules (which are not codified in the U.S.Code) control deportation proceedings commenced prior to April 1, 1997. *See* IIRIRA § 309(c), 110 Stat. at 3009–625. Section 309(c)(4)(G) of IIRIRA's transitional rules is the successor to AEDPA § 440(a) and provides in more absolute language that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in [the deportation proceedings of the INA]." IIRIRA § 309(c)(4)(G), 110 Stat. at 3009–626, codified at 8 U.S.C. § 1101 note (1999).

In addition, IIRIRA § 306(a) amends INA § 242(g) to provide:

> Exclusive Jurisdiction. Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Chapter.

IIRIRA § 306(a), 110 Stat. at 3009–612, codified at 8 U.S.C. § 1252(g) (1999). Although INA § 242(g) is listed with the permanent provisions, IIRIRA § 306(c) makes § 242(g) applicable to both transitional and permanent rules cases. *See* IIRIRA § 306(c), 110 Stat. at 3009–612.

In *Jean–Baptiste,* 144 F.3d at 214–18, this Court considered whether INA § 242(g) divested federal courts of jurisdiction over a case where legal residents, ordered deported because of a criminal conviction, maintained that their right to due process was violated because they had never been given notice that their criminal conviction could subject them to consequences under the immigration laws. Finding that plaintiffs' claims arose out of "the decision of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," this Court held that INA § 242(g) deprived federal courts of jurisdiction to hear plaintiffs' claims. *See id.* at 218.

We reasoned, however, that all review had not been eliminated by INA § 242(g) or the AEDPA. *See id.* Relying on the doctrine articulated in *Felker v. Turpin,* 518 U.S. 651, 659–61, 116 S.Ct. 2333, 135

L.Ed.2d 827 (1996), that repeal by implication of the right to petition for habeas corpus relief is disfavored, we held that:

> Nothing in the language of either the [AEDPA] or [IIRIRA] suggests that Congress expressly repealed § 2241, limited its scope, or eliminated the jurisdiction of the district courts under that statute to entertain petitions seeking writs of habeas corpus. Those two Acts therefore do not specifically exclude habeas review in deportation cases under § 2241....

*Id.* at 219. Therefore, in *Jean–Baptiste,* this Court concluded that the AEDPA and IIRIRA's transitional rules did not repeal the habeas jurisdiction granted to federal courts by Congress in 28 U.S.C. § 2241 to review challenges to final deportation orders. We left open the question of the scope of the habeas review of immigration decisions available under 28 U.S.C. § 2241. *See id.* at 220.

Our decision in *Jean–Baptiste* is in accord with the majority of circuits also to hold that the language of § 242(g) did not repeal habeas jurisdiction over immigration decisions. The First, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuit Courts of Appeals held that habeas jurisdiction to review final deportation decisions survived the AEDPA and IIRIRA transitional rules' streamline of the judicial review available under the INA. *See Magana–Pizano v. INS,* 200 F.3d 603, 609 (9th Cir.1999); *Pak v. Reno,* 196 F.3d 666, 673 (6th Cir.1999); *Bowrin v. INS,* 194 F.3d 483, 489 (4th Cir.1999); *Requena–Rodriguez v. Pasquarell,* 190 F.3d 299, 306 (5th Cir.1999); *Jurado–Gutierrez v. Greene,* 190 F.3d 1135, 1145–46 (10th Cir.1999), *cert. denied, Palaganas–Suarez v. Greene,* — U.S. —, 120 S.Ct. 1539, 146 L.Ed.2d 352 (2000); *Shah v. Reno,* 184 F.3d 719, 723–24 (8th Cir.1999); *Mayers v. INS,* 175 F.3d 1289, 1301 (11th Cir.1999); *Sandoval v. Reno,* 166 F.3d 225, 236–37 (3d Cir.1999); *Goncalves v. Reno,* 144 F.3d 110, 119–23 (1st Cir.1998), *cert. denied, Reno v. Goncalves,* 526 U.S. 1004,

119 S.Ct. 1140, 143 L.Ed.2d 208 (1999). Only the Seventh Circuit has held that the transitional rules of IIRIRA effected a repeal of habeas jurisdiction over final deportation orders. *See LaGuerre v. Reno,* 164 F.3d 1035, 1040 (7th Cir.1998), *cert. denied, LaGuerre v. Reno,* — U.S. —, 120 S.Ct. 1157, 145 L.Ed.2d 1069 (2000).

In *Henderson,* 157 F.3d at 118–22, we reaffirmed our synthesized holding of *Hincapie–Nieto* and *Jean–Baptiste* that under the INA, modified by the AEDPA and IIRIRA's transitional rules, an alien ordered deported because of a criminal conviction cannot seek a petition for review in the court of appeals but must pursue a claim in a habeas proceeding pursuant to 28 U.S.C. § 2241. Although the panel questioned the wisdom of having the channel for review be by habeas in the district court rather than by petition for review in the courts of appeals, it acknowledged that it was bound by a reasonable comprehension of the statute and Second Circuit precedent. *See id.* at 119 n. 9; *see also Jean–Baptiste,* 175 F.3d at 226 (denying a subsequent petition for rehearing despite the *Henderson* panel's questioning).

We also considered in *Henderson* the breadth of review available under habeas corpus, the question left open after *Jean–Baptiste.* The INS argued that review only of "substantial" constitutional claims remained and that the courts were without power to review the Attorney General's interpretation of the immigration laws. *See Henderson,* 157 F.3d at 119–20. We soundly rejected the INS's argument and held that federal courts have jurisdiction under 28 U.S.C. § 2241 to consider all claims that are purely legal in nature— including constitutional challenges and claims that the Attorney General misinterpreted the immigration laws. *See id.* at 122.

## C. IIRIRA's Permanent Rules.

The permanent rules of IIRIRA govern deportation proceedings initiated after April 1, 1997. *See* IIRIRA § 309(c), 110

Stat. at 3009–625. The parties agree that because deportation proceedings were not initiated against any of the petitioners until after April 1, 1997, the permanent rules apply to their cases. The permanent rules revamp the INA by striking 8 U.S.C. § 1105(a) in its entirety and relocating the rules governing judicial review of deportation orders to 8 U.S.C. § 1252. *See* IIRIRA § 306(a), 110 Stat. at 3009–607–612.

The INS argues that the court of appeals is the exclusive forum for all immigration matters, invoking several provisions of the permanent rules in support of its position that IIRIRA, in its final form, divests district courts of their habeas jurisdiction. The INS calls our attention to newly added INA §§ 242(a)(1), 242(a)(2)(C), 242(e)(2), 242(g) and 242(b)(9). *See* IIRIRA § 306(a), 110 Stat. at 3009–607–612. Section 242(a)(1) of the INA provides:

> Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to section 1225(b)(1) of this title) is governed only by chapter 158 of Title 28 [the Hobbs Act]. . . .

8 U.S.C. § 1252(a)(1) (1999). The INS argues that because the Hobbs Act gives exclusive jurisdiction to the court of appeals, *see* 28 U.S.C. § 2342 ("The court of appeals . . . has exclusive jurisdiction" over specified agency orders), § 242(a)(1) evidences Congress's intent to eradicate habeas review.

Section 242(a)(2)(C) of the INA is the successor to AEDPA § 440(a) and IIRIRA § 309(c)(4)(g) and in its final form now states:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [the deportation sections of the INA].

8 U.S.C. § 1252(a)(2)(C) (1999). The INS argues that when it added the "notwithstanding any other provision of law"

phrase to the final incarnation of this section, Congress explicitly repealed habeas jurisdiction.

The INS also relies on INA § 242(e)(2). This section provides:

> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157, or has been granted asylum under section 1158, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 12255(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2) (1999). The INS contends that because INA § 242(e)(2) provides for statutory habeas review under the delineated circumstances, Congress knew how to create habeas review under the INA when it so desires. It follows, according to the INS, that Congress's decision to omit analogous language in regard to an alien's challenge to his or her final deportation order demonstrates its intent that this review be unavailable.

The INS additionally points to INA § 242(g), a section already considered by this Court in *Henderson*. Section 242(g) provides:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Chapter.

8 U.S.C. § 1252(g) (1999).

Finally, § 242(b)(9), upon which the INS rests its principal argument provides:

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9) (1999). The INS argues that because INA § 242(b)(2) requires that all petitions for review "be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings," § 242(b)(9) necessarily divests any court of jurisdiction other than the appropriate court of appeals. In support of this argument, the INS points to the Supreme Court's recent characterization in dicta of § 242(b)(9) as a "zipper clause" that channels all review of removal decisions under the INA into the court of appeals. See Reno v. American–Arab Anti–Discrimination Comm., 525 U.S. 471, 483, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) ("AADC").

Four courts of appeals have considered arguments similar to those presented by the INS in this case. The Fifth and Eleventh Circuit Courts of Appeals adopted the INS's position; the Third and Ninth rejected it.

In Richardson v. Reno, 180 F.3d 1311, 1312–13 (11th Cir.1999) ("Richardson II"), cert. denied, Richardson v. Reno, — U.S. ——, 120 S.Ct. 1529, 146 L.Ed.2d 345 (2000), the Eleventh Circuit reaffirmed its holding in Richardson v. Reno, 162 F.3d 1338 (11th Cir.1998) ("Richardson I"), after reconsideration in light of the Supreme Court's decision in AADC, that IIRIRA's permanent rules eliminated § 2241 habeas jurisdiction over an alien's challenge to his or her removal proceedings. The court held that INA § 242(b)(2), § 242(e)(2) and the AEDPA's elimination of habeas review in § 401(e) evidenced Congress's intent to preclude statutory habeas review over immigration decisions. See id. at 1314. More specifically, the court held that INA

§ 242(b)(9) and the Supreme Court's description of that section in AADC as a "zipper clause" that channels judicial review of immigration decisions exclusively into that provided by the INA, was evidence that Congress intended to repeal all habeas review. See id. at 1314–15. The court concluded that the repeal of habeas jurisdiction to review immigration decisions is not unconstitutional because judicial review still remains under INA § 242(a)(2)(C) to determine whether the petitioner is an alien, is deportable, and deportable for a reason covered by INA § 242(a)(2)(C). See id. at 1315–16. Furthermore, the court said, review of substantial constitutional questions and challenges to the constitutionality of the INA itself remains available because INA § 242(a)(2)(C) does not literally foreclose constitutional challenges to the statute itself. See id. at 1316 n. 5.

In Max–George v. Reno, 205 F.3d 194, 197–98 (5th Cir.2000), the Fifth Circuit followed the lead of the Eleventh Circuit and agreed with the INS that 28 U.S.C. § 2241 habeas jurisdiction had been repealed by IIRIRA's permanent rules. According to the Fifth Circuit, Congress need not explicitly mention habeas jurisdiction generally or § 2241 by name to repeal habeas jurisdiction. See id. at 199 ("While Congress could theoretically have been more explicit by specifically mentioning habeas corpus in general or § 2241 in particular, we believe the jurisdictional limitation described throughout § 1252 was sufficiently explicit."). Accordingly, the court reasoned that, unlike the language in IIRIRA's transitional rules, the jurisdiction-stripping provisions in the permanent rules, beginning with the far more preclusive language "notwithstanding any other provisions of law," explicitly repealed § 2241 habeas jurisdiction over immigration decisions. Id. at 198. The Fifth Circuit, like the Eleventh Circuit, reasoned that the repeal was not unconstitutional because sufficient judicial review remained available for criminal aliens'

challenges against removal under INA § 242(a)(2)(C). *See id.* at 199–201. It did not go as far, however, as the Eleventh Circuit to hold that review of constitutional and statutory claims were preserved. It held instead that the court of appeals retains jurisdiction under § 242(a)(2)(C) only to determine whether the prerequisites for precluding review are met, whether the provisions classifying the petitioner in a specific criminal category are constitutionally applied, and whether the level of judicial review remaining in a particular case satisfies the Constitution. *See id.*

In *Liang v. INS*, 206 F.3d 308, 316–18 (3d Cir.2000), the Third Circuit parted ways with the Fifth and Eleventh Circuits, holding that because none of the sections in § 1252 expressly refers to habeas jurisdiction or to § 2241, none expressly revoked habeas jurisdiction. The court reasoned that the Supreme Court did not, in *AADC,* decide that § 242(b)(9) radically eliminated habeas jurisdiction because that was not the issue raised in that case, and the Supreme Court explicitly noted that courts were in disagreement whether habeas jurisdiction remained after IIRIRA. *See id.* at 319. The Third Circuit also disagreed with the Fifth and Eleventh Circuits' conclusion that sufficient judicial review remained under § 242(a)(2)(C) so that the repeal of habeas was not unconstitutional, and continued to adhere to its earlier ruling in *Sandoval,* 166 F.3d 225, that the language of § 242(a)(2)(C) makes clear that the court of appeals lacks jurisdiction over petitions of review filed by aliens removable because of prior convictions. *See id.* at 321. Because no judicial review of criminal aliens' statutory and constitutional claims remains under § 242(a)(2)(C), the court concluded that a repeal of habeas jurisdiction over immigration decisions raises serious constitutional questions. *See id.* at 321–22.

The Ninth Circuit, following the lead of the Third Circuit, held that IIRIRA's permanent rules do not use language explicit enough to repeal a federal court's habeas jurisdiction to review final removal orders. *See Flores–Miramontes v. INS,* 212 F.3d 1133, 1137–38 (9th Cir.2000). The court reasoned that although the language of the permanent rules is stronger than that of the transitional provisions, the difference would not cause it to depart from its decision in *Magana–Pizano,* 200 F.3d 603, to find a repeal of 28 U.S.C. § 2241 jurisdiction over final removal orders. *See Flores–Miramontes,* 212 F.3d at 1137. Furthermore, the court held that § 242(b)(9) and the Supreme Court's remarks about that provision did not require the conclusion that habeas review is repealed. *See id.* at 1139. Finally, the court found that an interpretation that IIRIRA does not repeal habeas jurisdiction avoids a substantial constitutional question. *See id.* at 1141–42. In so doing, it rejected the INS's argument that review of substantial constitutional claims remained in the court of appeals under a petition for review. *See id.* at 1142.

■ We are persuaded by the Third and Ninth Circuits' reasoning in *Liang v. INS* and *Flores–Miramontes v. INS* that Article III courts continue to have habeas jurisdiction under 28 U.S.C. § 2241 over legal challenges to final removal orders. We conclude that the scope of this review includes statutory claims such as those raised by the petitioners in this case. We do not read any exceptions into INA § 242(a)(2)(C) that bars our jurisdiction over petitions to review removal orders against aliens convicted of certain crimes. It is also our view that our preservation of habeas jurisdiction under the permanent rules avoids the novel and profound constitutional questions that would arise were we to find that IIRIRA eliminates habeas jurisdiction over final immigration decisions.

■ We will not strain to infer that Congress radically repealed the federal courts' habeas jurisdiction to review final orders of removal. In *Felker,* 518 U.S. at 657, 116 S.Ct. 2333, the Supreme Court considered whether Title I of the AEDPA,

a statute limiting the right to file successive habeas petitions that specifically provided that a court of appeals's decision denying leave to file a successive petition could not be appealed or be the subject of a petition for rehearing or petition for *certiorari*, *see* 28 U.S.C. § 2244(b)(3)(E), deprived it of jurisdiction to entertain an original application for habeas relief. The Court concluded that because no provision of Title I explicitly mentioned its authority to entertain original habeas petitions, it would not find a repeal of habeas jurisdiction by implication. *See id.* at 660–61, 116 S.Ct. 2333. In so holding, the Court restated its rule developed more than a century earlier in *Ex Parte Yerger*, 75 U.S. (8 Wall.) 85, 19 L.Ed. 332 (1868), that repeals of jurisdictional statutes by implication are not favored. *See Felker*, 518 U.S. at 660, 116 S.Ct. 2333. This rule requires that a court cannot presume that a congressional enactment effects a repeal of a jurisdictional statute when it does not explicitly mention the jurisdictional statute or the general type of jurisdiction by name.

In *Jean–Baptiste*, 144 F.3d at 220, we determined that although the AEDPA and IIRIRA's transitional rules eliminated habeas corpus review under INA § 106(a)(10), neither specifically discussed 28 U.S.C. § 2241 or habeas jurisdiction generally. Following the rule articulated in *Felker*, we held that Congress did not repeal habeas corpus jurisdiction under 28 U.S.C. § 2241. *See id.* In order to find habeas jurisdiction eradicated, our precedent thus requires an explicit statement from Congress that mentions a repeal of habeas jurisdiction. The majority of other circuit courts have also held that Congress must explicitly mention § 2241 or general habeas jurisdiction to repeal it. *See Flores–Miramontes*, 212 F.3d at 1137; *Liang*, 206 F.3d at 320; *Magana–Pizano*, 200 F.3d at 608–9; *Pak*, 196 F.3d at 673; *Bowrin*, 194 F.3d at 489; *Jurado–Gutier-*

*rez*, 190 F.3d at 1145–46; *Shah*, 184 F.3d at 724; *Goncalves*, 144 F.3d at 119; *but see LaGuerre*, 164 F.3d at 1038–39.

Nothing in IIRIRA's permanent provisions requires us to stray from our determination in *Jean–Baptiste* that habeas review survives IIRIRA. Although the language is arguably more restrictive, there is still nothing in IIRIRA's permanent provisions that constitutes a sufficiently clear statement of congressional intent to repeal the habeas jurisdiction granted Article III courts by 28 U.S.C. § 2241. Although each new provision works to narrow or limit the judicial review available to the criminal aliens under the INA, INA §§ 242(a)(1), 242(a)(2)(C), 242(e)(2), and 242(g)[4] do not explicitly mention a repeal of a federal court's general habeas jurisdiction or 28 U.S.C. § 2241. *See* 8 U.S.C. §§ 1252(a)(1), (a)(2)(C), (e)(2), and (g) (1999). Judicial review and habeas corpus have distinct technical meanings under the law. *See Heikkila v. Barber*, 345 U.S. 229, 235–36, 73 S.Ct. 603, 97 L.Ed. 972 (1953); *see also Flores–Miramontes*, 212 F.3d at 1140 (citing *Sandoval*, 166 F.3d at 235). We will not infer that Congress meant to repeal habeas corpus review under 28 U.S.C. § 2241 when it mentioned only judicial review, a distinct and separate concept from habeas.

*Felker*'s requirement that Congress provide an explicit statement in order to repeal habeas jurisdiction is particularly relevant in this case. As the Ninth Circuit pointed out, *Felker* was decided three months before IIRIRA became law. We assume that Congress is aware of the law, *see U.S. v. Georgopoulos*, 149 F.3d 169, 172 (2d Cir.1998) (citing *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990)), and therefore aware of *Felker*'s mandate when it considered the transitional and permanent rules of

---

4. Indeed, the INS's argument that INS § 242(g) repeals § 2241 habeas jurisdiction over final deportation orders is foreclosed by the Supreme Court's decision in *AADC,* inter-

preting § 242(g) to apply only to the three discrete immigration decisions identified in the section. *See* 525 U.S. at 482, 119 S.Ct. 936.

IIRIRA. *See Flores–Miramontes,* 212 F.3d at 1139. Had Congress intended that the avenue of review available under 28 U.S.C. § 2241 be repealed, it knew to use more explicit language than it chose.

The INS rests heavily on the phrase "notwithstanding any other provision of law" added to INA § 242(a)(2)(C), codified at 8 U.S.C. § 1252(a)(2)(C) (1999). However, we were not persuaded that the same exact phraseology repealed § 2241 habeas jurisdiction when, in *Jean–Baptiste,* we examined the effect on habeas jurisdiction of INA section 242(g). *See* 144 F.3d at 218. Other courts of appeals have also held that the "notwithstanding" language was not strong enough to repeal habeas jurisdiction. *See Sandoval,* 166 F.3d at 236; *Goncalves,* 144 F.3d at 122. Our holding and our application of it in *Jean–Baptiste* controls our interpretation of the permanent rules and requires a conclusion that the permanent rules do not divest federal courts of jurisdiction to review a criminal alien's legal challenge to his or her removal order.

As for the INS's reliance on § 242(b)(9), we first recognize that § 242(b)(9) does not expressly mention habeas jurisdiction or § 2241. INA § 242(b)(9) is a congressional limitation on judicial review and does not concern habeas jurisdiction. Thus, under *Felker* and our decision in *Jean–Baptiste,* § 242(b)(9) does not constitute a repeal of habeas corpus.

Furthermore, we are not persuaded by the INS that the Supreme Court's characterization of INA § 242(b)(9) as a "zipper clause" requires us to hold that it effects a repeal of habeas jurisdiction. In *AADC,* a group of temporary residents, who belonged to the Popular Front for the Liberation of Palestine, sought injunctive and declaratory relief on the ground that the INS was selectively enforcing the immigration laws against them in violation of their First and Fifth Amendment rights. *See* 525 U.S. at 473–74, 119 S.Ct. 936. The INS sought to dismiss the case for lack of jurisdiction, arguing that INA § 242(g), made applicable to the case by § 306(c)(1) of IIRIRA, deprived the courts of power to hear the appeal. *See id.* at 475, 119 S.Ct. 936. The Supreme Court agreed with the INS that INA § 242(g) deprived federal courts of jurisdiction over the petitioners' selective enforcement case until the deportation orders against them became final, if ever. *See id.* at 482, 119 S.Ct. 936. The Court, however, rejected the "unexamined assumption that § 1252(g) covers the universe of deportation claims" and held that the section covered only the three discrete actions delineated by the statute: the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *See id.*[5] In *AADC,* the Supreme Court contrasted the narrow scope of INA § 242(g) with INA § 242(b)(9), which it described as an "unmistakable zipper clause" that channels judicial review of all immigration-related decisions and actions to the court of appeals. *Id.* at 482–83, 119 S.Ct. 936.

The Court's description of INA § 242(b)(9) as a "zipper clause" that "channels judicial review" of immigration decisions to the court of appeals was not a holding that § 242(b)(9) divests federal courts of § 2241 habeas jurisdiction. The discussion of § 242(b)(9) in *AADC* pertained to whether § 242(g) was redundant of § 242(b)(9). By interpreting § 242(g) narrowly, the Supreme Court held that the apparent redundancy was a "mirage." *Id.* at 482, 119 S.Ct. 936. Far from deciding the question what habeas relief remained after IIRIRA, the Court chose not to address the question. *See id.* at 480 n. 7, 119 S.Ct. 936 (noting disagreement among the courts of appeals). To repeat,

---

5. The Supreme Court thus held that INA § 242(g) applies in a very narrow class of cases. This holding is contrary to our interpretation of that section in *Jean–Baptiste* where we assumed that it governed in the case before us. This distinction has no bearing, however, on our holding in *Jean–Baptiste* that the language of § 242(g) was insufficient to repeal § 2241.

that case did not concern a habeas petition but was a case brought under a federal court's federal question subject matter jurisdiction. *See id.* at 474, 119 S.Ct. 936. Therefore, "that case does not require a conclusion contrary to the rule set forth in *Felker.*" *Flores–Miramontes,* 212 F.3d at 1139. Accordingly, we will not presume that the Supreme Court meant its decision in *AADC* to have the radical effect of repealing habeas jurisdiction when it declined to address the issue directly.

As the Ninth Circuit points out, our interpretation that INA § 242(b)(9) does not eradicate 28 U.S.C. § 2241 habeas jurisdiction does not render that section meaningless. *See Flores–Miramontes,* 212 F.3d at 1140. Put differently, § 242(b)(9) forces a legal resident alien in removal proceedings to save all of his or her challenges to an unlawful government decision or action until after a final removal order is issued. Congress enacted INA § 242(b)(9) for the important purpose of consolidating all claims that may be brought in removal proceedings into one final petition for review of a final order in the court of appeals. *See id.* at 1141. Before INA § 242(b)(9), only actions attacking the deportation order itself were brought in a petition for review while other challenges could be brought pursuant to a federal court's federal question subject matter jurisdiction under 28 U.S.C. § 1331. Now, by establishing "exclusive appellate court" jurisdiction over claims "arising from any action taken or proceeding brought to remove an alien," all challenges are channeled into one petition. *See* 8 U.S.C. § 1252(b)(9); *Flores–Miramontes,* 212 F.3d at 1140–41. Hence, § 242(b)(9) concerns judicial review in a civil action brought under 28 U.S.C. § 1331 rather than review under habeas corpus. Finally, our interpretation of IIRIRA's permanent rules as preserving 28 U.S.C. § 2241 habeas jurisdiction allows us to avoid the serious constitutional question that a repeal of habeas jurisdiction over removal proceedings involving criminal aliens would raise under the Constitution.

*See Webster v. Doe,* 486 U.S. 592, 603, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988) (interpreting a federal statute to avoid a serious constitutional question presented where the statute appeared to foreclose review of constitutional claims); *Ashwander v. Tennessee Valley Auth.,* 297 U.S. 288, 348, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis *J.,* concurring) (same). The Suspension Clause mandates that "[t]he privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion of the public safety may require." U.S. Const. art. 1, § 9, cl. 2. Just recently, Justice Stevens, writing for the Supreme Court majority, remarked that "[t]he writ of habeas corpus plays a vital role in protecting constitutional rights." *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000). Historically, legal permanent residents ordered removable from this country have been entitled to assert their legal rights in habeas corpus proceedings. *See e.g., Heikkila,* 345 U.S. at 230, 73 S.Ct. 603; *Nishimura Ekiu v. United States,* 142 U.S. 651, 660, 12 S.Ct. 336, 35 L.Ed. 1146 (1892); *United States v. Jung Ah Lung,* 124 U.S. 621, 622–23, 8 S.Ct. 663, 31 L.Ed. 591 (1888). Indeed, non-citizens have long been permitted to raise statutory claims, similar to those raised by the petitioners before us, that are based on the executive branch's misinterpretation of the immigration laws. *See Kwong Hai Chew v. Colding,* 344 U.S. 590, 596–600, 73 S.Ct. 472, 97 L.Ed. 576 (1953); *Wong Yang Sung v. McGrath,* 339 U.S. 33, 48–53, 70 S.Ct. 445, 94 L.Ed. 616 (1950); *Fong Haw Tan v. Phelan,* 333 U.S. 6, 9, 68 S.Ct. 374, 92 L.Ed. 433 (1948); *Delgadillo v. Carmichael,* 332 U.S. 388, 390–91, 68 S.Ct. 10, 92 L.Ed. 17 (1947); *Kessler v. Strecker,* 307 U.S. 22, 28–32, 59 S.Ct. 694, 83 L.Ed. 1082 (1939); *Mahler v. Eby,* 264 U.S. 32, 45, 44 S.Ct. 283, 68 L.Ed. 549 (1924). An interpretation that repeals habeas corpus jurisdiction as it applies to legal permanent residents ordered removed from the country because of prior crimes would there-

fore raise a serious constitutional question under the Suspension Clause of the Constitution.

The INS argues that a constitutional question does not arise if 28 U.S.C. § 2241 jurisdiction is repealed because the constitutionally-mandated amount of judicial review remains under the INA. Specifically, although it acknowledges the broad preclusive language of § 242(a)(2)(C) and the majority of courts' interpretation of it, *see supra* at II. A, the INS assures us that a criminal alien may still obtain review of his or her removal orders pursuant to a petition for review in a court of appeals. It argues that this review includes all that is required by the Constitution—"substantial" constitutional claims and "certain jurisdictional facts" including whether the petitioner is an alien who is removable by reason of having committed a specified criminal offense.

It is true that the Supreme Court has held that Congress may divest the district courts of habeas jurisdiction without violating the Constitution so long as it substitutes "a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention." *Swain v. Pressley*, 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). In accord with this principle, we heretofore have recognized the need for adequate judicial review of the legal challenges filed by a criminal alien. We have determined that, because § 242(a)(2)(C) eradicated all review for legal residents ordered removed owing to a prior conviction, habeas review of this class of claims remains. *See Henderson*, 157 F.3d at 119; *Jean Baptiste*, 144 F.3d at 219; *Hincapie–Nieto*, 92 F.3d at 31.

The INS's interpretation of INA § 242(a)(2)(C) and its definition of what review is required by the Constitution is a misapprehension of the law, in conflict with our prior decisions, and difficult to reconcile with the INS's earlier position taken in *Hincapie–Nieto*. Although a federal court of appeals generally retains jurisdiction under INS § 242(a)(1) to review a

legal resident alien's challenge to his or her final order of removal, INA § 242(a)(2)(C) excepts this review for a petition filed by a detained alien ordered removable because of a criminal conviction. *See* 8 U.S.C. § 1252(a)(2)(C). Thus, in *Hincapie–Nieto* and *Jean–Baptiste*, we interpreted § 242(a)(2)(C) as barring all review of a final order of removal entered against an alien removable because of a prior conviction. *Hincapie–Nieto*, 92 F.3d at 30; *Jean–Baptiste*, 144 F.3d at 219. Indeed, in *Hincapie–Nieto*, the INS, contrary to what it asserts here, assured the court that there was no constitutional infirmity with this interpretation because a non-citizen in executive detention could obtain judicial review of his or her deportation order by habeas corpus. *See* 92 F.3d at 31.

Furthermore, in *Jean–Baptiste*, we rejected the very same argument presented by the INS in this case. There, the INS argued that it was unnecessary to preserve habeas jurisdiction to avoid a constitutional question because review of constitutional questions remained available under the INA. Relying on our prior decision in *Hincapie–Nieto*, we held that the INA as amended by IIRIRA takes away that review for legal residents ordered removable because of prior convictions. *See Jean–Baptiste*, 144 F.3d at 219–20. The INS's arguments were "not well taken" in that case, *see id.* at 220, and are received with the same skepticism here. There is nothing in IIRIRA's permanent rules or their legislative history that indicates that Congress excepted review of substantial constitutional questions under INA § 242.

■ In addition, the INS's formulation of the review required by the Constitution falls short of the review that we held in *Henderson* is mandated. We found there that even a partial repeal of habeas jurisdiction to hear an executively detained alien's statutory challenges may violate the Suspension Clause. *See* 157 F.3d at 120. In that case, we reasoned that the INS's

articulation of the review that is required under the Constitution:

> is drawn from the very different context of successive federal habeas corpus petitions by prisoners in state custody who have already had one or more opportunities for full judicial process and appeals in the state system, with an opportunity for further review in the Supreme Court by a writ of certiorari, and one or more opportunities for review in the federal judiciary on their first habeas petition.

*Id.* (*quoting Goncalves,* 144 F.3d at 118 n. 8). The case of a legal permanent resident alien, in contrast, arises in the setting of executive detention, "a context in which the petitioner[ ] ha[s] never had [his or her] claim[ ] review[ed] by any court, federal or state." *Id.* In this context, circuit courts, including this one, have noted that review of statutory questions similar to the one presented in this case has long been deemed essential to ensure that a detained alien receives full due process of law. *See Henderson,* 157 F.3d at 121 (*citing Gegiow v. Uhl,* 239 U.S. 3, 3, 36 S.Ct. 2, 60 L.Ed. 114 (1915); *Brownell v. We Shung,* 352 U.S. 180, 182 n. 1, 77 S.Ct. 252, 1 L.Ed.2d 225 (1956)); *Goncalves,* 144 F.3d at 124 (citing numerous immigration cases that have considered claims of statutory right); *see also Mayers,* 175 F.3d at 1300 (citing *United States ex rel. Hintopoulos v. Shaughnessy,* 353 U.S. 72, 78, 77 S.Ct. 618, 1 L.Ed.2d 652 (1957)); *Accardi v. Shaughnessy,* 347 U.S. 260, 268, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

Furthermore, the language of 28 U.S.C. § 2241 does not contemplate that the writ only extends to a person in custody in violation of the Constitution. Rather, the statute also provides habeas jurisdiction over claims that a person is in custody in violation of federal laws and treaties. *See* 28 U.S.C. § 2241 (providing that the writ of habeas corpus shall extend to a person in custody "in violation of the Constitution or laws or treaties of the United States"). Hence, the literal terms of 28 U.S.C. § 2241 contemplate statutory claims against executive detention.

The substitution of judicial review only of substantial constitutional questions for the habeas review guaranteed under 28 U.S.C. § 2241 therefore does not cure the constitutional infirmity that could result from a repeal of the habeas statute. Without habeas jurisdiction to review final orders, there is currently no judicial review at all of a removal order issued against a non-citizen who is ordered removable because he or she committed a certain crime. Because habeas jurisdiction is constitutionally required where the immigration laws have been interpreted to bar other forms of judicial review under § 242(a)(2)(C), our decision that habeas review remains for a criminal alien's legal challenge to his or her deportation order obviates the profound constitutional questions that would arise if we concluded that all judicial review had been eradicated.

■ Although not all challenges that an alien may launch against his removal are cognizable under habeas, purely legal statutory and constitutional claims are within § 2241's scope. Thus, a federal court's habeas review includes the claim raised by the petitioners in these consolidated cases—that IIRIRA does not apply to bar the availability of § 212(c) relief for convictions that occurred prior to its enactment. The petitioners challenge the government's refusal to consider an application for a waiver from deportation and do not ask the court to determine whether the BIA exercised its discretion appropriately. Their claim is a purely legal question that is cognizable under the habeas statute.

■ We note, as did the Third Circuit in *Liang,* that if we were legislators, rather than judges, we might opt for a statutory scheme under which an alien's constitutional and statutory challenges are cognizable in the court of appeals pursuant to a petition for review. This would eradicate habeas corpus's duplicative review of legal questions in the district court and the

court of appeals and serve Congress's goal to streamline judicial review. However, we disagree with the Eleventh Circuit's interpretation of INA § 242(a)(2)(C) in *Richardson II* as permitting review of both statutory and constitutional claims. Although this interpretation may represent sound legislative policy, we reiterate that we do not read IIRIRA or our prior cases to permit such review under INA § 242(a)(2)(C).

Notwithstanding, the question raised by the petitioners is a purely legal matter appropriate for a court, rather than the BIA, to determine. *See Mayers,* 175 F.3d at 1300; *see also Goncalves,* 144 F.3d at 113; *LaGuerre,* 164 F.3d at 1041. It is the type of question that, once answered by the highest court, is answered for all cases that follow presenting the same issue. We therefore believe our decision today that a legal resident alien's pure legal challenges are preserved via habeas corpus to his or her removal order serves to advance Congress's goal of streamlining judicial review.

## III. CONCLUSION

We affirm our adherence to the proposition that had Congress intended to strip federal courts of habeas jurisdiction under 28 U.S.C. § 2241 over criminal aliens' statutory and constitutional challenges, it would have done so by making its intent explicit. Because the permanent rules do not mention a repeal of 28 U.S.C. § 2241 or habeas jurisdiction generally, we hold that they do not deprive a federal court of its habeas jurisdiction under § 2241 to review the purely legal claims of criminal aliens against final orders of removal. Because we lack jurisdiction under INA § 242(a)(2)(C) over the petitions for review brought by Calcano–Martinez, Madrid, and Khan challenging their final orders of removal, we dismiss the petitions without prejudice to Khan's pending petition or to the same claims being brought by Calca-no–Martinez and Madrid under habeas corpus.